**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

WIKIMEDIA FOUNDATION, *et al.*,

    *Plaintiffs*,

    v.

NATIONAL SECURITY AGENCY, *et al.*,

    *Defendants*.

Hon. T. S. Ellis, III

Civil Action No.
15-cv-00662-TSE

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO SET A STATUS CONFERENCE**

Plaintiffs write to respond to the government's nine-page request for a status conference dated April 24, 2015 (ECF No. 54). Needless to say, Plaintiffs have no objection to the proposal that the Court set a status conference; nor do they object to the notion that briefing should be "orderly." Gov't Motion 1, 3. Plaintiffs write, however, to respond to the government's misleading characterization of the parties' discussions to date, and to the government's proposal that the Court should foreclose Plaintiffs from moving for summary judgment until after the Court has adjudicated the government's Rule 12(b)(1) motion to dismiss. Plaintiffs respectfully submit that the Court should set a briefing schedule that contemplates consolidated briefing of Plaintiffs' summary judgment motion and the government's motion to dismiss. Such a schedule would serve the interests of efficiency and justice.[1]

---

[1] The government's suggestion that Plaintiffs oppose "orderly" briefing distorts Plaintiffs' position as well as the parties' previous discussions. Plaintiffs contacted the government on March 31, 2015, in an effort to reach agreement about a proposed briefing schedule. When the parties could not reach agreement, Plaintiffs proposed that the parties jointly submit a short document to the Court setting out the parties' respective positions. That effort failed when the government insisted on using the joint submission to extensively brief issues relating to standing and state secrets.

First, consolidated briefing is appropriate because standing and the merits are closely intertwined. This case concerns a challenge by the plaintiff organizations to the lawfulness of the National Security Agency's "Upstream" surveillance conducted pursuant to the FISA Amendments Act of 2008, 50 U.S.C. § 1881a ("FAA"). As described in the Complaint, Upstream surveillance involves the warrantless copying and searching of Plaintiffs' internet communications and the communications of millions of others. Because of the nature of Plaintiffs' claims, at least some of the standing arguments the government is likely to make in its motion to dismiss are deeply entwined with the question of whether the surveillance invades a reasonable expectation of privacy. *See, e.g.*, *Minnesota v. Carter*, 525 U.S. 83, 88 (1998) (stating that definition of Fourth Amendment rights "is more properly placed within the purview of substantive Fourth Amendment law than within that of standing"); *United States v. Lawson*, 410 F.3d 735, 740 n.4 (D.C. Cir. 2005); *accord Rakas v. Illinois*, 439 U.S. 128, 138–40 (1978).

Second, the Federal Rules of Civil Procedure entitle Plaintiffs to file a summary judgment motion "at any time until 30 days after the close of all discovery." *See* Fed. R. Civ. P. 56(b). Plaintiffs propose to move promptly for judgment as a matter of law based on the government's extensive official disclosures concerning Upstream surveillance. *See, e.g.*, Privacy and Civil Liberties Oversight Board, *Report on the Surveillance Program Operated Pursuant to Section 702 of FISA* (2014), https://www.pclob.gov/library/702-Report.pdf ("PCLOB Report"); *[Redacted]*, 2011 WL 10945618 (FISC Oct. 3, 2011). While the Court undoubtedly has the authority to structure the litigation as it sees fit, in light of the public record and the ongoing harms to Plaintiffs, Plaintiffs respectfully submit that it would be inappropriate for the Court to bar them from filing their motion alongside the government's. The officially acknowledged facts, together with evidence that Plaintiffs will present concerning their communications, establish

both that Plaintiffs are subject to the challenged surveillance and that the surveillance is unlawful.[2]

The government argues that consolidated briefing would unnecessarily tax the resources of the Court—but of course consolidated briefing would not require the Court to address issues that are unnecessary to its resolution of the case. The government conflates the burden of responding to Plaintiffs' motion, which is a burden borne by any defendant in litigation, with a burden on the Court. (If the government were genuinely interested in sparing the Court the task of wading through unnecessary pages, presumably it would not have filed a nine-page motion concerning the briefing schedule.) The government also exaggerates the burden of responding to Plaintiffs' motion. The government is already litigating the merits of this surveillance in multiple civil and criminal cases, *see, e.g.*, *United States v. Hasbajrami*, No. 11-cr-00623 (E.D.N.Y.), and—as it concedes—has already asserted the state secrets privilege over virtually identical information in *Jewel*. *See* Gov't Motion 6 n.2.

The government argues here that consolidated briefing might require it to invoke the state secrets privilege earlier than it would like to. Any state secrets invocation, however, would be of dubious validity, both because the government has already disclosed so much about Upstream surveillance and because FISA displaces the state secrets privilege in this context. *See* 50 U.S.C. §§ 1806(f), 1881e(a). In addition, the government confuses the state secrets evidentiary privilege with an avoidance doctrine. The cases the government cites stand for the proposition that the state secrets privilege "is not to be lightly invoked" by the *government*; that is, they recognize the grave separation-of-powers issues that arise when the executive shields its own conduct from

---

[2] The NSA's interception of Plaintiffs' communications in the course of Upstream surveillance is both well-pled, *see, e.g.*, Compl. ¶¶ 40–44, 49–52, 70, 73, 79, 86, 91, 96, 101, 106, 111, 116, and well-founded, *see, e.g.*, PCLOB Report; *[Redacted]*, 2011 WL 10945618 (FISC Oct. 3, 2011).

judicial review. *United States v. Reynolds*, 345 U.S. 1, 7 (1953); *see Fitzgerald v. Penthouse Int'l, Ltd.*, 776 F.2d 1236, 1242 (4th Cir. 1985). Given the searching review that courts must apply to *actual* invocations of the state secrets privilege, it would be perverse if the government's mere *threat* to invoke the privilege required the Court to seek out other grounds for dismissal.

\*   \*   \*

Plaintiffs do not oppose a status conference should the Court believe one would be helpful. However, Plaintiffs believe that this scheduling matter could be addressed on the current papers. If the Court agrees, Plaintiffs respectfully request that the Court set the following schedule for cross-motions, as provided in Plaintiffs' Proposed Order. This schedule is consistent with the dates for cross-motions offered by the government.

| | |
|---|---|
| May 29, 2015 | Plaintiffs' motion for summary judgment (45 pages), and any supporting declarations and exhibits |
| July 24, 2015 | Defendants' opposition to Plaintiffs' motion and cross-motion to dismiss, or in the alternative, for summary judgment (60 pages), and any supporting declarations and exhibits |
| August 28, 2015 | Plaintiffs' reply on motion for summary judgment and opposition to Defendants' motion (45 pages), and any supporting declarations and exhibits |
| September 14, 2015 | Defendants' reply (30 pages), and any supporting declarations and exhibits |

Should the Court limit the initial litigation to the government's Rule 12(b)(1) motion to dismiss, Plaintiffs respectfully request that they be permitted 50 pages for their opposition brief, in the interest of parity. The government previously indicated that it did not object to this request if the Court were inclined to grant it.

Dated: April 28, 2015

Respectfully submitted,

_____/s/_____

Patrick Toomey (pro hac vice)
  (*signed by Patrick Toomey with*
  *permission of Debbie A. Jeon*)
Jameel Jaffer (pro hac vice)
Alex Abdo (pro hac vice)
Ashley Gorski (pro hac vice)
AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2654
ptoomey@aclu.org

_____/s/_____

Deborah A. Jeon (Bar No. 06905)
David R. Rocah (Bar No. 27315)
AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION OF MARYLAND
3600 Clipper Mill Rd., #350
Baltimore, MD 21211
Phone: (410) 889-8555
Fax: (410) 366-7838
jeon@aclu-md.org

Charles S. Sims (pro hac vice)
David A. Munkittrick (pro hac vice)
John M. Browning (pro hac vice)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Phone: (212) 969-3000
Fax: (212) 969-2900
csims@proskauer.com

*Counsel for Plaintiffs*