IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| WIKIMEDIA FOUNDATION, et al.,<br>    Plaintiffs,<br><br>v.<br><br>NATIONAL SECURITY<br>AGENCY/CENTRAL SECURITY<br>SERVICE, et al.,<br>    Defendants. | )<br>)<br>)<br>)  Civil Action No. 1:15cv662<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Plaintiffs in this multi-count federal question case involving constitutional and statutory claims have filed a Motion to Set a Date for the Filing of Amicus Briefs (Doc. 62).

Sound reasons compel denial of this motion. To begin with, plaintiffs have no standing to seek permission to set a date for the filing of amicus briefs because plaintiffs are not the proper parties to submit such a request; it is the proposed amicus curiae themselves that must petition for leave to file an amicus brief. Moreover, district courts have broad discretion to permit or reject the filing of amicus briefs or the appearance of amicus curiae. *See, e.g., Jamaica Hosp. Med. Ctr., Inc. v. United Health Group, Inc.*, 584 F. Supp. 2d 489, 497 (E.D. N.Y. 2008) ("District [c]ourts have broad discretion in deciding whether to accept *amicus* briefs.") (internal quotation marks and citations omitted). Typically, district courts allow the filing of amicus briefs only when several factors are shown to be present, namely (i) that the proposed amicus curiae has a special interest in the case, (ii) that this interest is not represented adequately or at all in the case, (iii) that the proffered information is both useful and timely, and (iv) that the proposed amicus curiae is not partial to a particular outcome in the case. *See, e.g., Sciotto v. Marple Newtown School Dist.*, 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999) (citations omitted). Importantly,

this list of factors for a court to consider is not exhaustive; in particular circumstances, other factors may also be worthy of consideration in deciding whether the filing of amicus briefs should be permitted. Additionally, no single factor is determinative; rather, a court must evaluate all relevant factors to determine whether the appearance of amicus curiae would materially aid a court's decisionmaking process. As one district court has succinctly stated,

> An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case . . . or when the *amicus* has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide. Otherwise, leave to file an *amicus* brief should be denied.

*Jamaica Hosp.*, 584 F. Supp. 2d at 497 (internal quotation marks and citations omitted).

Here, it is evident from plaintiffs' two-page motion that the proposed amicus curiae may not satisfy these criteria. For example, it is unclear whether the proposed amicus curiae have any interest that is not adequately represented by the existing plaintiffs. Moreover, it appears that the proposed amicus curiae are indeed partial to a given outcome in this case.[1] And it is unclear whether the putative amicus curiae are likely to present information or arguments not already likely to be presented by the existing plaintiffs. As one court has aptly observed,

> [t]he vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse. The term "amicus curiae" means friend of the court, not friend of a party.

*Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J.) (citations omitted).

---

[1] *See* Mot. (Doc. 62) at 1 (noting that "several groups—including a group of technologists and a digital-rights organization—have expressed interest in filing amicus briefs in support of Plaintiffs' opposition to the government's motion to dismiss").

Accordingly, for these reasons, and for good cause,

It is hereby **ORDERED** that plaintiffs' Motion to Set a Date for the Filing of Amicus Briefs (Doc. 62) is **DENIED**.

It is important to note that this Order does not reach or decide whether the application of any specific amicus curiae to file an amicus brief should be granted or denied.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, VA
May 28, 2015

/s/
T. S. Ellis, III
United States District Judge