**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

WIKIMEDIA FOUNDATION, *et al.*,

    *Plaintiffs*,

    v.

NATIONAL SECURITY AGENCY, *et al.*,

    *Defendants*.

Hon. T. S. Ellis, III

    Civil Action No.
15-cv-00662-TSE

## PLAINTIFF'S MOTION FOR A STATUS CONFERENCE

On July 17, 2017, the Fourth Circuit issued its mandate in Plaintiffs' appeal of this Court's judgment dismissing the Amended Complaint for lack of standing. The Fourth Circuit reversed the Court's judgment with respect to Plaintiff Wikimedia Foundation and remanded for further proceedings. Plaintiff Wikimedia Foundation now writes to respectfully request a status conference to set deadlines for discovery and dispositive motion practice in those further proceedings.

Plaintiff writes also to respectfully request that, before setting a case management schedule, the Court resolve a threshold issue that is likely to affect the nature, scope, and timing of the parties' discovery and anticipated motions: whether Defendants may raise a "factual" challenge to Plaintiff's standing under Rule 12(b)(1), rather than under Rule 56. The government has informed Plaintiff that it is contemplating filing a Rule 12(b)(1) motion to dismiss asserting a factual challenge to Wikimedia's claims that its communications are being seized and searched. As Plaintiff has explained before and discusses below, Fourth Circuit precedent requires Defendants to proceed under Rule 56 when the jurisdictional facts are intertwined with the merits, as they are here. Accordingly, the case should proceed now to merits discovery and

summary judgment, and the Court should clarify that fact now in the interest of judicial economy. Alternatively, the Court should order briefing limited to this threshold question before permitting the government to file a challenge that—if ultimately held to be improper at this stage—would needlessly delay these proceedings and consume the Court's and the parties' time and resources.

### Background

In March 2015, nine Plaintiff organizations filed suit against the National Security Agency ("NSA") and other government Defendants, challenging the suspicionless seizure and searching of their internet traffic by the NSA on U.S. soil. Plaintiffs alleged that this surveillance dragnet, called "Upstream" surveillance, violates the First and Fourth Amendments and exceeds the scope of the authority that Congress provided in the FISA Amendments Act of 2008 ("FAA"). In addition, Plaintiffs alleged that the surveillance violates Article III of the Constitution because it is predicated on programmatic surveillance orders issued by the Foreign Intelligence Surveillance Court in the absence of any case or controversy. Plaintiffs amended their complaint as of right in June 2015. *See* Am. Compl., ECF No. 72.

Defendants subsequently moved to dismiss Plaintiffs' Amended Complaint under Rule 12(b)(1) for failure to plausibly allege Article III standing. *See* Def. Mot. Dismiss 2-3, ECF No. 77. This Court granted Defendants' motion to dismiss on October 23, 2015. *Wikimedia Found. v. NSA*, 143 F. Supp. 3d 344 (D. Md. 2015). It concluded that Plaintiffs' standing allegations were not plausible under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Clapper v. Amnesty International USA*, 133 S. Ct. 1138 (2013).

Plaintiffs appealed that decision, and on May 23, 2017, a three-judge panel of the Fourth Circuit unanimously held that Wikimedia had plausibly alleged standing to challenge Upstream

surveillance. *Wikimedia Found. v. NSA*, 857 F.3d 193, 209-13 (4th Cir. 2017). With respect to the other eight Plaintiffs, the court divided: the majority, consisting of Judges Motz and Diaz, held that the other Plaintiffs' allegations of standing were not plausible, whereas Judge Davis in dissent believed that the non-Wikimedia Plaintiffs had standing to proceed to the next stage of the case. *See id.* at 213-16, 217-20. The Fourth Circuit vacated the portion of this Court's judgment dismissing the complaint as to Wikimedia, and it remanded the case for proceedings consistent with its opinion. *Id.* at 217.

## A Factual Challenge to Plaintiff's Standing Must Be Brought Under Rule 56

To ensure that discovery and motion practice proceed in an orderly fashion, Plaintiff respectfully requests that the Court hold that a factual challenge to standing be brought under Rule 56, not Rule 12(b)(1); or, alternatively, order briefing on this threshold issue. As discussed below, because the jurisdictional and merits questions in this case are intertwined, Fourth Circuit precedent precludes Defendants from bringing a factual challenge under Rule 12(b)(1). *See, e.g.*, *Adams v. Bain*, 697 F.2d 1213, 1219-20 (4th Cir. 1982).

The Fourth Circuit has explained that there are "two critically different ways" to seek dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1). *Id.* at 1219. A defendant may argue either: that the complaint lacks allegations that would, if taken as true, establish subject-matter jurisdiction (a facial challenge); or that the jurisdictional allegations of the complaint are not, in fact, true (a factual challenge). *See, e.g.*, *Kerns v. United States*, 585 F.3d 187, 192-93 (4th Cir. 2009).

But both types of challenges are not available to defendants in every case. In particular, a factual challenge under Rule 12(b)(1) is impermissible when the jurisdictional facts are intertwined with facts bearing on the merits of a plaintiff's claims. *See, e.g.*, *Arbaugh v. Y&H*

*Corp.*, 546 U.S. 500, 514 (2006) ("If satisfaction of an essential element of a claim for relief is at issue, however, the jury is the proper trier of contested facts."); *Adams*, 697 F.2d at 1219-20 (holding that the disputed jurisdictional facts "are so intertwined with the facts upon which the ultimate issues on the merits must be resolved, that 12(b)(1) is an inappropriate basis upon which to ground dismissal"); *United States v. N. Carolina*, 180 F.3d 574, 580-81 (4th Cir. 1999); *S. Carolina State Ports Auth. v. Silver Anchor, S.A. (Panama)*, 23 F.3d 842, 847 (4th Cir. 1994); *Arthur Young & Co. v. City of Richmond*, 895 F.2d 967, 970-71 (4th Cir. 1990); *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 239 (4th Cir. 1988) (Powell, J., sitting by designation). In that circumstance, courts must consider and resolve the factual challenge under Rule 56, as they would resolve other factual questions going to the merits of a plaintiff's claims. This rule ensures that merits issues are resolved using merits procedures—*i.e.*, using the fact-finding rules and standards that apply at summary judgment.

Now that the case is again before this Court, Defendants have indicated to Plaintiff that they are contemplating filing a Rule 12(b)(1) *factual* challenge to Plaintiff's standing. Indeed, in prior proceedings in this case, Defendants repeatedly tried to recast their facial challenge to the complaint as a Rule 12(b)(1) factual challenge—an effort that both this Court and the Fourth Circuit declined to accept. *See Wikimedia Found.*, 143 F. Supp. 3d at 351 n.8; *Wikimedia Found.*, 857 F.3d at 212-13. The Fourth Circuit observed, however, that Defendants might make another such attempt on remand, stating that "the district court in the first instance may consider Wikimedia's argument . . . that the intertwined nature of the jurisdictional and merits questions precludes such a challenge." *Id.* at 213.

Resolving this question at the outset is necessary because the next steps in this case depend on the answer. The standards that apply in proceedings under Rule 12(b)(1)—where *only*

jurisdictional facts are disputed—are different from those that apply under Rule 56. *See Kerns*, 585 F.3d at 192-93 (quoting *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981)). Resolving the procedural question at the outset is also in the interests of efficiency, for both the Court and the parties. The Court and the parties cannot set a sensible discovery schedule, or determine the proper scope of that discovery, until it is clear how the case will proceed. Moreover, it would make no sense for Defendants to file another Rule 12(b)(1) motion—and to force Plaintiff to respond by filing a lengthy opposition brief, declarations, and other factual materials—when such a motion is procedurally improper in this case.

Under Fourth Circuit case law, Defendants may not raise a Rule 12(b)(1) factual challenge here, because the jurisdictional question and merits questions are intertwined. *See Adams*, 697 F.2d at 1219; *Kerns*, 585 F.3d at 193 (intertwined factual issues must be resolved using the procedures "that would apply were the plaintiff facing a direct attack on the merits"). Plaintiff has alleged that the government is unlawfully copying and reviewing at least some of the trillion-plus international communications it engages in each year. *See* Am. Compl. ¶¶ 55-111. The Fourth Circuit concluded that Plaintiff's allegations concerning the surveillance of its communications were plausible and sufficient. *Wikimedia*, 857 F.3d at 209-13 ("Together, these allegations are sufficient to make plausible the conclusion that the NSA is intercepting, copying, and reviewing at least some of Wikimedia's communications."). Defendants have not denied that they are copying and reviewing Plaintiff's communications, but they maintain that Wikimedia is unable to prove that any of its communications have in fact been copied and reviewed. That is a factual dispute entirely intertwined with the merits. The question of whether Wikimedia's communications are being seized and searched—that is, copied and reviewed—is a central

element of Plaintiff's Fourth Amendment claims (as well as its other claims).[1] The government

could not litigate a dispute over whether agents entered a plaintiff's home and searched it under

Rule 12(b)(1), as a purely jurisdictional question. Nor could the government litigate under Rule

12(b)(1) a factual dispute over whether agents had opened and examined a plaintiff's mail or

stopped and seized a plaintiff on the street. Instead, these types of disputes are routinely resolved

under Rule 56 or at trial. *See, e.g.*, *Carter v. Hutto*, 781 F.2d 1028, 1031 (4th Cir. 1986) (parties

disputed whether search occurred); *Maryland State Conference of NAACP Branches v. Maryland

State Police*, 454 F. Supp. 2d 339, 354 & n.8 (D. Md. 2006) (same); *Turner v. Knight*, 192 F.

Supp. 2d 391, 404-05 (D. Md. 2002) (parties disputed whether strip search occurred). Indeed,

even *Clapper v. Amnesty International USA*—where the government similarly challenged the

plaintiffs' injury as a factual matter—was decided at summary judgment, not as a jurisdictional

challenge under Rule 12(b)(1). 133 S. Ct. at 407. Here, too, the facts the government seeks to

dispute go to core elements of Plaintiff's Fourth Amendment and other claims, and thus are

intertwined with the merits.[2]

Because the question of whether Defendants are seizing and searching Wikimedia's

communications is intertwined with the merits, any factual dispute over its truth must be

resolved under Rule 56, not Rule 12(b)(1). *See Kerns v. United States*, 585 F.3d at 193.

\*   \*   \*

---

[1] For instance, the Ninth Circuit's model jury instructions set out the substantive elements of an
illegal search claim, the very first of which is: whether "[t]he defendant searched the plaintiff's
person or residence or vehicle." 9th Circuit Pattern Civil Jury Instructions § 9.12.

[2] To permit a defendant to contest the truth of a plaintiff's injury-in-fact on a motion to
dismiss—rather than as part of the merits of a claim—would significantly remake the course of
civil proceedings. Cases permitting Rule 12(b)(1) factual challenges invariably involve *other*
questions of personal or subject-matter jurisdiction, not challenges to a plaintiff's injury-in-fact,
which is almost always intertwined with proof of the underlying claim. *Compare, e.g.*, *United
States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009), *with Potomac Conf. of
Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n*, 2 F. Supp. 3d 758, 767 (D. Md. 2014).

Accordingly, Plaintiff respectfully requests that the Court require that any factual challenge to Plaintiff's standing be resolved under Rule 56, as part of the parties' summary judgment motions. Should the Court require additional briefing on this question, Plaintiff urges the Court to order briefing and resolve the issue prior to entering a case management schedule.

Dated: July 17, 2017

_____
/s/
_____
Patrick Toomey (pro hac vice)
 (*signed by Patrick Toomey with*
 *permission of Debbie A. Jeon*)
Ashley Gorski (pro hac vice)
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2654
ptoomey@aclu.org

Respectfully submitted,

_____
/s/
_____
Deborah A. Jeon (Bar No. 06905)
David R. Rocah (Bar No. 27315)
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION OF MARYLAND
3600 Clipper Mill Rd., #350
Baltimore, MD 21211
Phone: (410) 889-8555
Fax: (410) 366-7838
jeon@aclu-md.org

Jameel Jaffer (pro hac vice)
Alex Abdo (pro hac vice)
KNIGHT FIRST AMENDMENT INSTITUTE
 AT COLUMBIA UNIVERSITY
535 West 116th Street
314 Low Library
New York, NY 10027
Phone: (212) 854-9600
jameel.jaffer@knightcolumbia.org

Charles S. Sims (pro hac vice)
David A. Munkittrick (pro hac vice)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Phone: (212) 969-3000
Fax: (212) 969-2900
csims@proskauer.com

*Counsel for Plaintiff*