IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WIKIMEDIA FOUNDATION,<br>　　Plaintiff, | )<br>)<br>) |
| v. | )　　Case No. 1:15-cv-662<br>) |
| NATIONAL SECURITY AGENCY /<br>CENTRAL SECURITY SERVICE, *et al.*,<br>　　Defendants. | )<br>)<br>)<br>) |

## ORDER

This federal question matter is on remand from the Fourth Circuit, as defendants have not sought further review or a petition for *certiorari*. Both parties have requested a status conference and leave to submit briefs addressing the proper procedural vehicle for defendants' anticipated challenge to plaintiff's constitutional standing; indeed, the parties are not in agreement as to how the matter should proceed at this juncture. On their part, defendants have represented that they may file their factual challenge as a motion to dismiss pursuant to Rule 12(b)(1), Fed. R. Civ. P. Plaintiff asserts that any further jurisdictional challenge should be brought as a summary judgment motion pursuant to Rule 56, Fed. R. Civ. P., and that the parties should be permitted to conduct discovery in this case. This is so because, in plaintiff's view, the facts underpinning defendants' jurisdictional arguments are intertwined with the facts undergirding the merits of plaintiff's claims. *See, e.g., Adams v. Bain*, 697 F.2d 1213 (4th Cir. 1982). Despite their disagreements, however, the parties correctly note that it would be helpful to submit full briefs before a status conference commences. In this regard, defendants also propose that "such briefing include whether proceedings should be bifurcated to address the Defendants' challenge to Plaintiff['s] standing first, prior to reaching the merits of Plaintiff's claims, even if Defendants' dispositive motion were brought under Rule 56." Doc. 104 at 2. Thus, it is

appropriate to direct the parties to submit briefs on how this litigation should proceed and to schedule a status conference.

Accordingly, and for good cause,

It is hereby **ORDERED** that the request for a status conference and briefing schedule (Docs. 103 & 104) is **GRANTED**.

It is further **ORDERED** that plaintiff is **DIRECTED** to submit by 5:00 p.m. Friday, August 11, 2017 a brief addressing how the matter should proceed, including a discussion concerning (1) whether defendants' anticipated factual challenge to plaintiff's standing should be raised as a motion to dismiss pursuant to Rule 12(b)(1), or as a summary judgment motion pursuant to Rule 56, Fed. R. Civ. P., and (2) whether proceedings should be bifurcated.

It is further **ORDERED** that defendants are **DIRECTED** to submit a response brief no later than 5:00 p.m. Friday, August 25, 2017.

It is further **ORDERED** that plaintiff may, if it wishes to do so, file a reply brief no later than 5:00 p.m. Friday, September 1, 2017.

It is further **ORDERED** that a hearing is **SCHEDULED** for 10:00 a.m. Friday, September 8, 2017.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
August 2, 2017

/s/
T. S. Ellis, III
United States District Judge

2