# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WIKIMEDIA FOUNDATION,<br><br>*Plaintiff*,<br><br>v.<br><br>NATIONAL SECURITY AGENCY /<br>CENTRAL SECURITY SERVICE, *et al.*,<br><br>*Defendants*. | Hon. T.S. Ellis, III<br><br>Civil Action No.<br>15-cv-00662-TSE |

### PLAINTIFF'S REPLY BRIEF
### ADDRESSING HOW THIS MATTER SHOULD PROCEED
### IN RESPONSE TO THE COURT'S ORDER OF AUGUST 2, 2017

Plaintiff Wikimedia Foundation's opening brief explained that this case should now proceed to discovery and summary-judgment briefing because, under settled Fourth Circuit case law, jurisdictional facts intertwined with the merits must be analyzed using procedures designed for the merits. Further, Plaintiff's brief showed that Defendants' proposed bifurcation is inappropriate because it would risk significant delay and duplication of effort without any persuasive justification. Defendants' opposition makes three primary arguments: (1) that the fact of the government's copying and reviewing of Wikimedia's communications is not intertwined with the merits of Plaintiff's claims; (2) that the Fourth Circuit permits resolution of jurisdictional facts intertwined with the merits under Rule 12(b)(1) following "appropriate discovery"; and (3) that bifurcation is appropriate because the plaintiffs in two other surveillance challenges failed to demonstrate standing. As explained below, these arguments are meritless, and the Court should respectfully permit this case to proceed now in the ordinary course.

**I.  Defendants' jurisdictional challenge turns on contested facts intertwined with the merits of Plaintiff's claims.**

A critical element of every one of Plaintiff's claims—under the First and Fourth Amendments, Article III, and the FISA Amendments Act of 2008—is that the government has copied or reviewed its communications. To prevail on its First Amendment claim, for example, Plaintiff must show that the government has engaged in conduct that burdens Plaintiff's First Amendments rights; to prevail on its Fourth Amendment claim, Plaintiff must show a search or seizure of its communications; and to prevail on its Article III and statutory claims, Plaintiff must show that it has been subject to Upstream surveillance. The fact of copying or reviewing is central to the merits of each of these claims. It is also, of course, part of Wikimedia's injury for purposes of standing. As Plaintiff's opening brief explained, the jurisdictional facts are thus intertwined with the merits of Plaintiff's claims. *See* Pl.'s Br. 4–8 (ECF No. 107).

Defendants wish to dispute the central fact of whether the government has copied or reviewed Plaintiff's communications. In an attempt to shoehorn that factual dispute into a Rule 12(b)(1) challenge, Defendants make the perplexing argument that the fact of copying or reviewing—the very conduct Plaintiff claims to be unlawful—is not intertwined with the merits of Plaintiff's claims. In doing so, Defendants appear to make two distinct arguments. Both are plainly wrong.

First, Defendants argue that jurisdictional facts must be "determinative" of the merits to be intertwined and that they are not determinative here. Gov't Br. 6 (ECF No. 109). This argument is wrong on both counts. As an initial matter, Defendants misstate the legal standard. While a showing that jurisdictional facts are determinative of the merits is *sufficient* to establish that they are intertwined, it is not necessary. The Fourth Circuit has held, for example, that jurisdictional facts are also intertwined with the merits when they are "closely related," *United*

*States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999), and here it is clear that they are. In any event, the jurisdictional facts here are also determinative of the merits of Plaintiff's claims. If the Court finds as a matter of jurisdictional fact that the government has not copied or reviewed Wikimedia's communications, several of Wikimedia's claims would fail on the merits. For instance, to prevail on its Fourth Amendment claim, Plaintiff must show a search or seizure. Plaintiff's claim that the government has copied or reviewed its communications is plainly essential to that showing, and so a judicial finding that the government has not, in fact, copied or reviewed Wikimedia's communications would dispose of Wikimedia's Fourth Amendment claims.

Defendants focus solely on Plaintiff's Fourth Amendment claims, Gov't Br. 6–9, but the jurisdictional fact of copying or reviewing is also determinative of other claims. To prevail on its statutory claim that the FISA Amendments Act does not authorize Upstream surveillance, for instance, Wikimedia must show that it has been subject to Upstream surveillance. That showing turns entirely on whether the government has copied or reviewed its communications, and so a jurisdictional ruling against Wikimedia would squarely determine the essential factual element of its statutory claim.

Second, Defendants argue that the jurisdictional and merits facts are not intertwined because there are other elements to Plaintiff's claims, but that argument mischaracterizes the law. Defendants point out, for example, that even if Plaintiff can show that the government is copying and reviewing its communications, Plaintiff would still need to show an unreasonable invasion of an expectation of privacy. Gov't Br. 8–9. Defendants' argument appears to be that jurisdictional and merits facts are intertwined only if they are coextensive, but the Fourth Circuit has rejected that view.

The primary case Defendants rely on shows the fault in their logic. In *Kerns v. United States*, 585 F.3d 187 (4th Cir. 2009), the government moved to dismiss a lawsuit alleging that a federal employee had negligently killed the plaintiff's husband in a car accident. The government argued, under Rule 12(b)(1), that the plaintiff lacked standing because the defendant was not acting within the scope of her employment at the time of the accident. *Id.* at 190. The plaintiff argued that the disputed jurisdictional fact—whether the defendant was acting within the scope of her employment—was also a central element of the merits of the plaintiff's claim. *Id.* at 194–95. The Fourth Circuit agreed. It recognized that "the scope-of-employment issue is also an element of [the plaintiff's] FTCA claim—if [the defendant] was acting outside the scope of her employment with the Government, [the plaintiff] cannot satisfy an element of her negligence claim against the United States." *Id.* at 194. And on that basis, the Fourth Circuit reversed the district court's dismissal under Rule 12(b)(1) and "requir[ed] the scope-of-employment issue to be addressed as an element of the FTCA claim." *Id.* at 195.

Thus in *Kerns*, the Fourth Circuit found that jurisdiction and the merits were intertwined even though the jurisdictional fact was only one element of the plaintiff's negligence claim. The "overlap," *id.* at 194, between jurisdiction and the merits was all that was required to show the two to be intertwined. Defendants' theory that jurisdiction and the merits must be coextensive to be intertwined cannot be reconciled with *Kerns* or any other Fourth Circuit case on point. *See, e.g.*, *North Carolina*, 180 F.3d at 581 ("Thus, while the merits and jurisdictional questions are not identical, they are so closely related that the jurisdictional issue is not suited for resolution in the context of a motion to dismiss for lack of subject matter jurisdiction."); *see also* Pl.'s Br. 4 (citing cases).

**II.  Because the jurisdictional facts are intertwined with the merits, they must be resolved after discovery and through the protective procedures of Rule 56.**

Plaintiff's opening brief explained that, because the jurisdictional facts are intertwined with the merits, it would be inappropriate for the Court to resolve the dispute under Rule 12(b)(1) and the Court must afford Plaintiff the procedural protections of Rule 56. *See* Pl.'s Br. 4–8. The prohibition on resolving intertwined jurisdictional and merits facts through Rule 12(b)(1) has been "well settled" since at least 1946, *see Bell v. Hood*, 327 U.S. 678, 682 (1946); *see also Kerns*, 585 F.3d at 193 (citing *Bell*), and the Supreme Court has recited it as recently as 2006: "If satisfaction of an essential element of a claim for relief is at issue, however, the jury is the proper trier of contested facts." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The Fourth Circuit has also recited the rule and given it effect many times. Plaintiff's opening brief cites a few examples, Pl.'s Br. 4–8, including: *Adams v. Bain*, 697 F.2d 1213, 1220 (4th Cir. 1982) ("[T]he facts are so intertwined with the facts upon which the ultimate issues on the merits must be resolved, that 12(b)(1) is an inappropriate basis upon which to ground the dismissal."); *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 239 (4th Cir. 1988) (Powell, J., sitting by designation) ("The Supreme Court has held that when the contested basis for jurisdiction is also an element of the plaintiff's federal claim, the claim should not be dismissed for lack of subject matter jurisdiction."); *S.C. State Ports Auth. v. Silver Anchor, S.A., (Panama)*, 23 F.3d 842, 847 (4th Cir. 1994) ("To the extent that Christophides was challenging the court's jurisdiction on the ground that he gave no personal guaranty, he was also challenging the very existence of the SPA's cause of action for breach of that guaranty. In such a case, 'the proper course of action is for the district court to accept jurisdiction and address the objection as an attack on the merits' of the plaintiff's case." (quoting *Rivanna*, 840 F.2d at 239)); *Arthur Young*

*& Co. v. City of Richmond*, 895 F.2d 967, 971 (4th Cir. 1990) (quoting *Adams*, 697 F.3d at 1219); and *North Carolina*, 180 F.3d at 581 (discussed above).

Recently, the Fourth Circuit again set out the prohibition on resolving jurisdictional facts intertwined with the merits: "Because the dispute over the cause and severity of [the plaintiff's] injuries is inextricably intertwined with the merits of [his] tort action, [he] is entitled to a 'presumption of truthfulness' on a motion to dismiss . . . and 'the entire factual dispute is appropriately resolved only by a proceeding on the merits.'" *Carter v. United States*, No. 16-6411, 2017 WL 2645552, at *6 (4th Cir. June 20, 2017) (internal citations omitted).

Defendants' opposition misreads three Fourth Circuit cases as having somehow overturned this seventy-plus–year string of binding precedent holding that intertwined jurisdictional facts may not be resolved through Rule 12(b)(1). Defendants rely on *Kerns*, *24th Senatorial District Republican Committee v. Alcorn*, 820 F.3d 624 (4th Cir. 2016), and *Blitz v. Napolitano*, 700 F.3d 733 (4th Cir. 2012), for the proposition that intertwined jurisdictional facts may be resolved under Rule 12(b)(1) so long as the plaintiff is permitted "appropriate discovery." Gov't Br. 5–6. That reliance is misplaced.

The earliest of the three cases, *Kerns*, is the basis of the other two, and straightforwardly supports Plaintiff's position here. In *Kerns*, the Fourth Circuit made clear that "when the jurisdictional facts and the facts central to a tort claim are inextricably intertwined, the trial court should ordinarily assume jurisdiction and proceed to the intertwined merits issues." 585 F.3d at 193. In requiring trial courts to "proceed to the intertwined merits issues," the Fourth Circuit clearly meant merits proceedings, such as Rule 56 or Rule 12(b)(6), and not jurisdictional fact-finding under Rule 12(b)(1). It made this instruction clear throughout its opinion. For example, in describing the general prohibition against resolving intertwined jurisdictional facts under Rule

6

12(b)(1), the Fourth Circuit approvingly quoted the Fifth Circuit, which, it said, had "aptly described the underlying rationale" for the rule:

> [N]o purpose is served by indirectly arguing the merits in the context of federal jurisdiction. Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits. This refusal to treat indirect attacks on the merits as Rule 12(b)(1) motions provides, moreover, a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: *the defendant is forced to proceed under Rule 12(b)(6) . . . or Rule 56 . . . both of which place greater restrictions on the district court's discretion.*

*Id.* at 193 (quoting *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir.1981)) (emphasis added; other modifications in original).

*Kerns* made clear in other places, too, that courts should not rely on Rule 12(b)(1) to resolve intertwined jurisdictional facts. *See* 585 F.3d at 195 ("Because the scope-of-employment issue is determinative of both jurisdiction and the underlying merits of an FTCA claim, dismissal under Rule 12(b)(1) is inappropriate . . . ."); *id.* ("A district court should assume jurisdiction and assess the merits of the claim when the relevant facts—for jurisdictional and merits purposes—are inextricably intertwined."); *id.* at 196 ("a Rule 12(b)(1) dismissal was inappropriate in this case"); *id.* ("when the scope-of-employment issue is determinative of both jurisdiction and the underlying merits of an FTCA claim, dismissal under Rule 12(b)(1) is inappropriate").[1]

*Alcorn* and *Blitz* both quote *Kerns* and recognize a narrow limitation not relevant here. In both those cases, the defendants moved to dismiss under Rule 12(b)(1) based on purely legal questions that did not turn on any disputed issue of fact. And in both, the Fourth Circuit said that proceeding under Rule 12(b)(1) would not contravene *Kerns* because the cases involved "purely a legal question that can be readily resolved in the absence of discovery." *Blitz*, 700 F.3d at 739; *accord Alcorn*, 820 F.3d at 629 (quoting *Blitz* and noting that "there were no issues of disputed

---

[1] *Kerns* contains an exception not applicable here for cases in which "the jurisdictional allegations are clearly immaterial or wholly unsubstantial and frivolous." 585 F.3d at 195.

fact"). In other words, *Alcorn* and *Blitz* stand for a tautology inapplicable to this case: that the rule against resolving intertwined jurisdictional facts under Rule 12(b)(1) does not apply when the Rule 12(b)(1) motion would not require the resolution of intertwined jurisdictional facts.

In short, none of Defendants' cases contradicts the long-standing prohibition against resolving intertwined jurisdictional facts under Rule 12(b)(1).

Defendants attempt to sidestep this prohibition by agreeing to "appropriate jurisdictional discovery," Gov't Br. 10, but they still propose that the Court proceed under Rule 12(b)(1), in contravention of controlling law. Where jurisdictional facts are intertwined with the merits, courts may not proceed under Rule 12(b)(1), even with the benefit of jurisdictional discovery, because plaintiffs are entitled to the protections of a merits proceeding in resolving facts that go to the merits. *See, e.g.*, *Kerns*, 585 F.3d at 193 ("the defendant is forced to proceed under Rule 12(b)(6) . . . or Rule 56 . . . both of which place greater restrictions on the district court's discretion" (quoting *Williamson*, 645 F.2d at 415)). In addition, the specific "appropriate jurisdictional discovery" Defendants posit highlights how inappropriate it would be to proceed under Rule 12(b)(1). For example, Defendants suggest they would seek expert discovery addressing "technical matters," including Plaintiff's technical explanation of why Upstream surveillance, as a matter of technological necessity, sweeps in Wikimedia's communications. Gov't Br. 10. Those facts go to the core of Plaintiff's claims on the merits, *see* Point I, and may not be resolved through Rule 12(b)(1) proceedings.

III. **Bifurcating Rule 56 proceedings would be inappropriate because it would prejudice Wikimedia without promoting judicial economy.**

Plaintiff's opening brief explained that bifurcation is the rare exception to the rule that a plaintiff is entitled to present its case as it sees fit, rather than in the piecemeal fashion Defendants here propose. *See* Pl.'s Br. 8 (quoting *Toler v. Gov't Emps.' Ins.*, 309 F.R.D. 223,

8

225 (S.D. W. Va. 2015) (stating that bifurcation "is not to be routinely ordered")). This rule reflects the wisdom that piecemeal litigation is generally more cumbersome and costly. For that reason, the party proposing bifurcation bears the burden of providing "special and persuasive reasons" justifying the request. *Miller v. Am. Bonding Co.*, 257 U.S. 304, 308 (1921); *see also* Pl.'s Br. 8–9 & n.3 (citing cases).[2] Defendants have not offered any special or persuasive reason to bifurcate these proceedings, and there is none.

Defendants appear to have abandoned their initial rationale for bifurcation. In their letter to the Court, Defendants offered a single reason for bifurcation: to "permit the Court to avoid needlessly reaching constitutional questions." Defs.' Response 2 (ECF No. 104). Plaintiff's opening brief explained that this justification makes no sense because Plaintiff's proposed summary judgment briefing would also permit the Court to avoid needless constitutional rulings. In fact, the path that Plaintiff proposes is the precise path followed in *Clapper v. Amnesty International USA*, 568 U.S. 398 (2013), without any suggestion or complaint by the district court that judicial resources were wasted.

In their response brief, Defendants argue instead that bifurcation would "promote the goals of judicial economy" because in two other surveillance challenges—*Amnesty International* and *Jewel v. NSA*, No. C 08-4373 JSW, 2015 WL 545925 (N.D. Cal. Feb. 10, 2015)—the plaintiffs could not demonstrate standing. Gov't Br. 11–12. Defendants' argument appears to be one of guilt by association: that because the *Amnesty International* plaintiffs could not demonstrate standing, Wikimedia might not be able to, and so the Court should bifurcate. That

---

[2] *See also Adams v. NVR Homes, Inc.*, No. H-99-846, 2000 WL 1859001, at *2 (D. Md. Dec. 14, 2000) ("The burden is upon the party moving for separate trials to overcome the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties."); *Topline Sols., Inc. v. Sandler Sys., Inc.*, Civ. No. WDQ-09-3102, 2015 WL 4385940, at *8 (D. Md. July 14, 2015) ("[t]he burden of proving that bifurcation is warranted rests with the moving party" (quotation marks omitted)).

9

argument is meritless, and it is particularly ill-founded here as the Fourth Circuit has already held that Wikimedia's factual allegations—based in part on an extensive record of official acknowledgments unavailable in *Amnesty International*—plausibly establish standing. Moreover, although Defendants seem to assume that surveillance cases should always be bifurcated, there is no basis for such a rule. The courts in *Amnesty International* and *Jewel* did not bifurcate the respective proceedings in those cases, and Plaintiff is not aware of any category of cases in which courts routinely bifurcate standing and the merits by virtue of the nature of the suit alone.

Beyond their argument of guilt by association, Defendants do not actually offer any affirmative rationale supporting bifurcation. Instead, they criticize Plaintiff's arguments against bifurcation. But as explained above, it is Defendants' burden to justify bifurcation, not Plaintiff's burden to defend the ordinary course of civil litigation. In any event, Defendants' criticisms are without merit. First, bifurcation would, in fact, represent a "stark departure from ordinary practice," Pl.'s Br. 1, particularly absent any special or persuasive reason for it. *See* Pl.'s Br. 8–9 n.3. Second, Defendants confuse Plaintiff's Rule 12(b)(1) argument, which explains that resolving merits facts through Rule 12(b)(1) would "remake" civil proceedings, with Plaintiff's bifurcation argument, which does not make that claim. *Compare* Gov't Br. 12, *with* Pl.'s Br. 7–8. On bifurcation, Plaintiff argues that the asserted benefit of bifurcation is far outweighed by the possible prejudice to Wikimedia. Pl.'s Br. 8–10. And finally, contrary to Defendants' claim, bifurcation would lead to overlapping rounds of discovery, briefing, and argument on closely related subjects because the central jurisdictional fact in this case is also a central fact on the merits. *See* Point I.

The most that can be said of Defendants' plea for bifurcation is that it might—assuming this Court and the Fourth Circuit hold that Plaintiff lacks standing—save the government from having to defend the legality of Upstream surveillance. If this Court and the Fourth Circuit do *not* so hold, then Defendants' proposed bifurcation would significantly prejudice Plaintiff and waste judicial resources. In not so many words, Defendants ask this Court to wager on a minor benefit (the government's desire not to brief the merits) by risking substantial prejudice (significant delay and duplication of effort). This high-risk, low-reward gamble is contrary to settled judicial practice in the best of circumstances, and it is made worse here given that the Fourth Circuit has already held that Plaintiff's factual allegations, if true, plausibly establish standing.

## CONCLUSION

For these reasons, and for those stated previously, the Court should require that any factual challenge to Plaintiff's standing be resolved under Rule 56 as part of the parties' summary judgment motions, and reject Defendants' effort to bifurcate these proceedings.

Dated: September 1, 2017

Respectfully submitted,

| | |
|---|---|
|       */s/*         <br> Alex Abdo (pro hac vice) <br> (*signed by Alex Abdo with permission of Debbie A. Jeon*) <br> Jameel Jaffer (pro hac vice) <br> KNIGHT FIRST AMENDMENT <br>   INSTITUTE AT COLUMBIA <br>   UNIVERSITY <br> 535 West 116th Street <br> 314 Low Library <br> New York, NY 10027 <br> Phone: (212) 854-9600 <br> jameel.jaffer@knightcolumbia.org |       */s/*         <br> Deborah A. Jeon (Bar No. 06905) <br> David R. Rocah (Bar No. 27315) <br> AMERICAN CIVIL LIBERTIES UNION <br>   FOUNDATION OF MARYLAND <br> 3600 Clipper Mill Rd., #350 <br> Baltimore, MD 21211 <br> Phone: (410) 889-8555 <br> Fax: (410) 366-7838 <br> jeon@aclu-md.org <br><br> Patrick Toomey (pro hac vice) <br> Ashley Gorski (pro hac vice) <br> Jonathan Hafetz (pro hac vice) <br> AMERICAN CIVIL LIBERTIES UNION |

FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2654
ptoomey@aclu.org

Charles S. Sims (pro hac vice)
David A. Munkittrick (pro hac vice)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Phone: (212) 969-3000
Fax: (212) 969-2900
csims@proskauer.com

*Counsel for Plaintiff*