IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| WIKIMEDIA FOUNDATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:15-cv-00662-TSE |
| NATIONAL SECURITY AGENCY, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**JOINT DISCOVERY PLAN**

The parties respectfully submit this Joint Discovery Plan pursuant to this Court's order (ECF No. 114), dated September 27, 2017, which directed the parties "to file a joint plan for discovery on jurisdictional issues by Thursday, September 28, 2017 at 5:00 p.m." The parties have consulted regarding the scope, nature, and duration of the discovery period necessary to resolve the jurisdictional issue as a factual matter in briefing and, if necessary, at an evidentiary hearing.

The parties propose approximately five months of fact discovery to begin after Defendants file an Answer and then approximately two months of expert discovery. The parties agree that this discovery period is necessary due to the complexities involved and the uncertainties regarding discovery that remain. First, discovery involving classified information about foreign intelligence-gathering programs will be time consuming because of the measures the Government is required to employ for the protection of classified information. For example, Plaintiff has indicated that it will make written discovery requests seeking certain information about the NSA's Upstream collection processes. In the event Plaintiff seeks to compel such disclosures, these requests will require time for the Government to consider asserting and then

assert (if the Government deems it appropriate) the state secrets privilege or other statutory privileges such as Section 6 of the National Security Agency Act, 50 U.S.C. § 3605. The Court will then need to rule on those assertions after motions practice is complete, including Plaintiff's contention that FISA, 50 U.S.C. § 1806, precludes those assertions of privilege.

Second, the Government has indicated that it will seek discovery from Plaintiff, some of which may entail the production of proprietary information. The parties will need sufficient time to negotiate the terms of a protective order or perhaps otherwise seek the assistance of the Court to resolve issues involving proprietary information, in the event the Government seeks to compel such disclosures.

Third, the parties remain uncertain as to the full scope and nature of the written discovery requests each party will serve upon the other, and thus are unsure as to the length of time that will be necessary to respond to these written requests.

Fourth, and relatedly, due to the uncertain scope and nature of the forthcoming written discovery requests, the parties remain uncertain as to the number of fact witnesses that each side will seek to depose in light of the other side's responses to written discovery.

Fifth, given the nature of the claims in this case, which involve technological issues related to communication over the Internet, the discovery schedule must allow sufficient time for expert reports and discovery once fact discovery has concluded.

Finally, the proposed period of discovery also reflects the litigation delays inherent in the upcoming year-end holidays as well as the time and attention that counsel on both sides will have to devote to other litigation and matters for which they are responsible during this time frame.

Accordingly, the parties propose the following discovery schedule:

October 16, 2017     Answer due

October 17, 2017     Fact discovery begins

| | |
|---|---|
| March 14, 2018 | Fact discovery ends |
| March 28, 2018 | Simultaneous exchange of expert reports |
| May 2, 2018 | Simultaneous exchange of expert report replies |
| May 23, 2018 | Expert discovery ends |

**Plaintiff's request concerning the scope of discovery**

The Court has directed that the parties limit discovery at this stage to jurisdictional questions. Respectfully, Wikimedia continues to believe that judicial economy would best be served by allowing the parties to take discovery on both jurisdiction and the merits simultaneously. One new development—in addition to the reasons Wikimedia proffered at the hearing on September 22—reinforces Wikimedia's view. Based in significant part on the government's internal processes for the handling of sensitive data, and its anticipated discovery objections, the parties are now jointly proposing a discovery schedule a number of months longer than the two to three months the Court suggested at the hearing. With a bifurcated discovery plan, the same factors would almost certainly drag out any subsequent round of discovery as well. Given the extensive overlap between jurisdictional and merits questions, and that any discovery related exclusively to the merits is likely to be a small subset of the discovery in this case, Wikimedia respectfully submits that it would be inefficient, burdensome, and prejudicial for the parties to potentially conduct two separate rounds of discovery. Wikimedia intends to limit and streamline its discovery requests in both areas, making it inefficient to open a second round of discovery where the parties serve only a handful of new requests, and to require additional depositions to ask a small number of questions. The benefits of consolidating these inquiries are particularly substantial given that the potential burden on the government of proceeding to full discovery now would be minimal. For these reasons, Wikimedia respectfully

requests that the Court allow full discovery now. If it does so, Wikimedia proposes that the Court extend each of the proposed discovery deadlines above by two weeks.

## Defendants' response concerning the scope of discovery

Plaintiff's attempt to re-litigate whether this discovery plan should be limited to jurisdictional issues is procedurally improper and substantively without merit. The Court issued its order directing the parties to submit a plan for discovery "on jurisdictional issues" after receiving extensive briefing from the parties on how to proceed and hearing further argument on the matter from both sides at the September 22, 2017, status conference. Plaintiff's unsolicited attempt to re-argue this issue using the vehicle of the parties' Joint Discovery Plan should be rejected.

Plaintiff's argument is also substantively without merit. The "new development" Plaintiff references, that both sides agree jurisdictional discovery will take seven months to complete, is not a basis for scrapping the Court's approach to this case. As an initial matter, the period of jurisdictional discovery proposed by the parties was mutually agreed upon in all the parties' interests, and is not, as Plaintiff implies, an accommodation made for the Government. Second, Plaintiff's argument hinges on its speculation that merits discovery would take only an additional two weeks because there is "extensive overlap between jurisdictional and merits questions." As the Government explained at the recent status conference, the merits issues that require exploration in discovery are both numerous and distinct from the question of jurisdiction. Jurisdiction turns on whether Wikimedia's communications are in fact subjected to alleged NSA Upstream collection processes. The merits of this case turn on a separate set of factual issues, such as the nature of any possessory or privacy interests Wikimedia has in those communications, the extent to which Upstream collection processes interfere with those interests, and the extent to which those processes in fact burden Wikimedia's freedom of

expression or association. Exploring this wide array of issues, if necessary, will require far more than "a small subset of the discovery in this case." The feared inefficiencies about which Plaintiff speculates can easily be avoided in a case, as here, where both sides are represented by reasonable and capable counsel.

\*\*\*\*\*\*\*\*\*\*\*

For the reasons set forth above, the parties respectfully request that the Court adopt the Joint Discovery Plan set forth above.

Dated: September 28, 2017                            Respectfully submitted,

 */s/ Patrick Toomey*                                     CHAD A. READLER
Patrick Toomey (pro hac vice)                   Acting Assistant Attorney General
  (*signed by Patrick Toomey with*                ANTHONY J. COPPOLINO
  *permission of Debbie A. Jeon*)                Deputy Branch Director
Ashley Gorski (pro hac vice)                         JAMES J. GILLIGAN
Jonathan Hafetz (pro hac vice)                    Special Litigation Counsel
AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION
125 Broad Street, 18th Floor                         */s/ Rodney Patton*
New York, NY 10004                                   RODNEY PATTON
Phone: (212) 549-2500                                Senior Trial Counsel
Fax: (212) 549-2654
ptoomey@aclu.org                                     JULIA A. BERMAN
                                                     CAROLINE J. ANDERSON
                                                     TIMOTHY A. JOHNSON
 */s/ Deborah A. Jeon*                                Trial Attorneys
Deborah A. Jeon (Bar No. 06905)                  United States Department of Justice
David R. Rocah (Bar No. 27315)                   Civil Division, Federal Programs Branch
AMERICAN CIVIL LIBERTIES UNION                   20 Massachusetts Ave., N.W., Rm 7320
  FOUNDATION OF MARYLAND                         Washington, D.C. 20001
3600 Clipper Mill Rd., #350                      Phone: (202) 305-7919
Baltimore, MD 21211                              Fax: (202) 616-8470
Phone: (410) 889-8555                            E-mail: rodney.patton@usdoj.gov
Fax: (410) 366-7838
jeon@aclu-md.org                                 Counsel for Defendants

Alex Abdo (pro hac vice)
Jameel Jaffer (pro hac vice)
KNIGHT FIRST AMENDMENT INSTITUTE
  AT COLUMBIA UNIVERSITY
535 West 116th Street

5

314 Low Library
New York, NY 10027
Phone: (212) 854-9600
alex.abdo@knightcolumbia.org

Charles S. Sims (pro hac vice)
David A. Munkittrick (pro hac vice)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Phone: (212) 969-3000
Fax: (212) 969-2900
csims@proskauer.com

Counsel for Plaintiff