## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

_____

WIKIMEDIA FOUNDATION,                      )
                                           )
                          Plaintiff,       )
                                           )
             v.                            )        No. 1:15-cv-00662-TSE
                                           )
NATIONAL SECURITY AGENCY, *et al.*,        )
                                           )
                          Defendants.      )
_____)

### DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED
### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendants National Security Agency ("NSA"); the Office of the Director of National
Intelligence ("ODNI"); the United States Department of Justice; Admiral Michael S. Rogers, in
his official capacity as Director of the NSA; Daniel Coats, in his official capacity as the Director
of National Intelligence ("DNI"); and Jefferson B. Sessions, III, in his official capacity as
Attorney General (collectively, the "Defendants"),[1] answer Plaintiff's First Amended Complaint
for Declaratory and Injunctive Relief (hereinafter, the "First Amended Complaint"),[2] as follows:

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over the claims asserted, inasmuch as Plaintiff
has not established its standing to sue.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Defendants Coats and Sessions are
automatically substituted as defendants sued in their official capacities in lieu of, respectively,
Defendant James R. Clapper, former Director of National Intelligence, and Defendant Loretta E.
Lynch, former Attorney General of the United States.

[2] The First Amended Complaint was filed on behalf of nine plaintiffs.  Eight of those
nine plaintiffs have been dismissed from this case, however.  *See Wikimedia Found. v. NSA*, 857
F.3d 193, 207, 213 (4th Cir. 2017); *Wikimedia Found. v. NSA*, 143 F. Supp. 3d 344, 363 (D. Md.
2015).  As a result, this pleading answers only those allegations concerning Wikimedia
Foundation, the sole remaining plaintiff.

**SECOND DEFENSE**

The First Amended Complaint fails to state claims on which relief may be granted.

Defendants answer below the numbered paragraphs of the First Amended Complaint:

1.      The first sentence of this paragraph constitutes a characterization of the nature of Plaintiff's suit, to which no response is required.  With regard to the second sentence, Defendants admit that the NSA conducts intelligence gathering by, among other methods, using an Upstream Internet acquisition technique to acquire certain Internet communications that are transiting through circuits that are used to facilitate Internet communications.  The third, fourth, and fifth sentences of this paragraph contain conclusions of law to which no responses are required, but to the extent responses are deemed necessary, they are denied.

2.      The first three sentences of this paragraph constitute Plaintiff's characterizations of its own mission and operations, and those of now-dismissed plaintiffs, about which Defendants lack sufficient knowledge or information to form a belief as to their truth or falsity. The fourth and fifth sentences of this paragraph combine conclusions of law, to which no response is required, with Plaintiff's characterizations of its own mission and operations, and those of now-dismissed plaintiffs, about which Defendants lack sufficient knowledge or information to form a belief as to their truth or falsity.

3.      Defendants deny that Plaintiff is entitled to the relief it seeks in this paragraph, or to any relief whatsoever.

4.      This paragraph constitutes a conclusion of law to which no response is required.

5.      This paragraph constitutes a conclusion of law to which no response is required.

6.      The first three sentences of this paragraph constitute Plaintiff's characterizations of its own mission and operations, about which Defendants lack sufficient knowledge or

information to form a belief as to their truth or falsity.  The last sentence of this paragraph constitutes a characterization of the nature of Plaintiff's claims, to which no response is required.

7-14.   Paragraphs seven through fourteen pertain to plaintiffs whose claims have been dismissed from this case, and thus no response is required.  To the extent a response is deemed necessary, Defendants request an opportunity to supplement their response.

15.   Admit that the NSA is an agency within the United States Department of Defense that is headquartered at Fort Meade, Maryland.  Admit that the NSA is responsible for, among other duties, providing foreign-signals intelligence about international terrorists and foreign powers, organizations, and persons to U.S. Government policy makers and military forces with an official need for such intelligence.  Admit that the NSA engages in intelligence gathering using, among other tools, an Upstream Internet acquisition technique, which Plaintiff challenges in this case.  To the extent the allegations of this paragraph exceed the scope of or are inconsistent with the foregoing admissions, they are denied.

16.   Admit.

17.   Admit that the ODNI's mission is to lead intelligence integration and forge an intelligence community that delivers the most insightful intelligence possible.  Admit that the DNI serves as the head of the Intelligence Community, overseeing and directing the implementation of the National Intelligence Program budget and serving as the principal advisor to the President, the National Security Council, and the Homeland Security Council for intelligence matters related to national security.  Admit that, working together with the Principal Deputy DNI and with the assistance of Mission Managers and Deputy Directors, the DNI's goal is to effectively integrate foreign, military, and domestic intelligence in defense of the homeland and of United States interests abroad.  To the extent the allegations of this paragraph exceed the scope of or are inconsistent with the foregoing admissions, they are denied.

18.     Admit that Dan Coats, substituted as a defendant for James R. Clapper, is the Director of National Intelligence.  The second sentence constitutes Plaintiff's characterizations of legal authority granted to the DNI and the Attorney General under the FISA Amendments Act of 2008, as amended, Pub. L. No. 110-261, 121 Stat. 522 ("FISA Amendments Act"); Defendants respectfully refer the Court to the text of the statute for a full and accurate statement of its contents.  The third sentence is admitted.

19.     Admit that the U.S. Department of Justice is a Cabinet-level department of the United States Government.  The remainder of this paragraph constitutes Plaintiff's characterization of duties and responsibilities assigned to the Department by the FISA Amendments Act, and Defendants respectfully refer the Court to the text of the FISA Amendments Act for a full and accurate statement of its contents.

20.     Admit that Jefferson B. Sessions, III, substituted as a defendant for Loretta E. Lynch, is the Attorney General of the United States.  The second sentence constitutes Plaintiff's characterization of legal authority granted to the DNI and the Attorney General under the FISA Amendments Act; Defendants respectfully refer the Court to the text of the statute for a full and accurate statement of its contents.  The third sentence is admitted.

21.     This paragraph constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the text of the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. §§ 1801 *et seq.*, for a full and accurate statement of its contents.

22.     This paragraph constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the legislative history of the FISA.

23.     This paragraph constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the text of the statutory amendments to the FISA for a full and accurate statement of their contents.

24.     This paragraph constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the text of the FISA for a full and accurate statement of its contents.

25.     This paragraph constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the text of the FISA for a full and accurate statement of its contents.

26.     This paragraph constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the text of the FISA for a full and accurate statement of its contents.

27.     Paragraph twenty-seven does not set forth a claim for relief or aver relevant facts in support of a claim to which a response is required.  To the extent a response is deemed necessary, Defendants admit that then-President George W. Bush first authorized the activities known as the Presidential Surveillance Program ("PSP"), in writing, on October 4, 2001, and that the activities actually carried out under the PSP were conducted without warrant or court order. Admit that the PSP was re-authorized by President Bush, in writing, every 30-60 days between 2001 and 2007.  To the extent the allegations of this paragraph exceed the scope of or are inconsistent with the foregoing admissions, they are denied.

28.     Paragraph twenty-eight does not set forth a claim for relief or aver relevant facts in support of a claim to which a response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to (i) the unspecified "public statements by senior government officials" referred to in sentence one, and (ii) the alleged statements made by

then-Attorney General Alberto Gonzales and then-NSA Director General Michael Hayden referred to in sentence two, for a statement of their contents.

29.     This paragraph does not set forth a claim for relief or aver relevant facts in support of a claim to which a response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the alleged statement made by then-Attorney General Alberto Gonzales for a statement of its contents.

30.     This paragraph does not set forth a claim for relief or aver relevant facts in support of a claim to which a response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to (i) the text of the relevant order issued by the FISC referred to in sentence one, and (ii) the alleged statements made by Executive Branch officials concerning amendment of the FISA referred to in sentence two, for a statement of their contents.

31.     This paragraph constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the text of the Protect America Act, Pub. L. No. 110–55, 121 Stat. 552, for a full and accurate statement of its contents.

32.     This paragraph constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the text of the FISA Amendments Act for a full and accurate statement of its contents.

33.     This paragraph constitutes a conclusion of law to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the text of the FISA Amendments Act for a full and accurate statement of its contents.

34.     This paragraph constitutes a conclusion of law and Plaintiff's characterization of the FISA Amendments Act, to which no response is required.  To the extent a response is

deemed necessary, Defendants respectfully refer the Court to the text of the FISA Amendments Act for a full and accurate statement of its contents.

35.    This paragraph constitutes a conclusion of law and Plaintiff's characterization of the FISA Amendments Act, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the text of the FISA Amendments Act for a full and accurate statement of its contents

36.    This paragraph constitutes a conclusion of law and Plaintiff's characterization of the FISA Amendments Act, to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the text of the FISA Amendments Act for a full and accurate statement of its contents.

37.    The terms "expansively" and "significant consequences" as used in the first sentence of this paragraph are too vague and ambiguous for Defendants to form a belief as to its truth or falsity, except to aver that the Government, through its implementation of FISC-approved targeting and minimization procedures, goes to great lengths to protect the privacy interests of U.S. persons and others implicated by intelligence activities conducted pursuant to the FISA Amendments Act.  The second sentence refers to a 2014 ODNI report to which the Defendants respectfully refer the Court for a full and accurate statement of its contents, https://icontherecord.tumblr.com/transparency/odni_transparencyreport_cy2014.  The third and fourth sentences refer to and characterize an opinion issued by the FISC, to which the Defendants respectfully refer the Court for a full and accurate statement of its contents, *see* [*Redacted Caption*], 2011 WL 10945618 (F.I.S.C. Oct. 3, 2011).  In addition, the allegation in the fourth sentence that the process of scanning online communications for targeted selectors constitutes a "search[ ]" is a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.  The fifth sentence, which refers to and

characterizes unspecified statements by unnamed "[i]ntelligence officials," does not set forth a

claim for relief or aver relevant facts in support of a claim to which no response is required.  To

the extent a response is deemed necessary, Defendants respectfully refer the Court to the

referenced public statements made by those "[i]ntelligence officials," for a statement of their

contents.  The sixth sentence refers to and characterizes unspecified opinions issued by the FISC,

public reports issued by two government entities, and unidentified "media accounts," to which

Defendants respectfully refer the Court for a statement of their contents.

      38.     The first sentence of this paragraph constitutes a conclusion of law to which no

response is required.  To the extent a response is deemed necessary, the allegation is denied.

Defendants can neither admit nor deny sentence two as it purports to draw a conclusion based on

unspecified allegations "described below" that may be false, too vague and ambiguous for

Defendants to form a belief as to their truth or falsity, or which cannot be admitted or denied

without revealing, or tending to reveal, classified national-security information that is subject to

protection from disclosure by law.  The third sentence constitutes a conclusion of law to which

no response is required.  To the extent a response is deemed necessary, deny that the use of the

Upstream Internet acquisition technique as actually conducted "has no basis in the [FISA

Amendments Act]."  The fourth sentence constitutes a conclusion of law to which no response is

required.  To the extent a response is deemed necessary, the Defendants refer the Court to the

text of the FISA Amendments Act for a full and accurate statement of its contents.

      39.     The first sentence of this paragraph alleges that the Government "conducts at least

two kinds of surveillance" under the FISA Amendments Act; this allegation is too vague and

ambiguous for Defendants to form a belief as its truth or falsity, which, in addition, does not aver

relevant facts in support of a claim.  The second sentence refers to an NSA program publicly

known as PRISM and purports to describe how that program operates, which does not set forth a

claim for relief or aver relevant facts in support of a claim to which a response is required.  To the extent a response is deemed necessary, Defendants admit that, under a program publicly known as PRISM, the Government sends a selector such as an email address to an electronic communications service provider, such as an Internet Service Provider, and the provider is then compelled to give to the Government the communications sent to or from that selector.  To the extent that the allegations in the second sentence exceed the scope of or are inconsistent with this admission, Defendants can neither admit nor deny them without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

40.     The first sentence of this paragraph constitutes Plaintiff's characterization of its suit, to which no response is required.  The second sentence is denied.  The third sentence is admitted.

41.     This paragraph purports to define and characterize the Internet.  Defendants admit that a group of two or more computers linked together to permit communication among them make up a network.  Defendants also admit that networks connected by intermediate devices that route information between them become an internetwork.  The largest internetwork is the Internet, the global communications network that allows computer networks worldwide to connect and exchange information.  To the extent that the allegations in this paragraph are beyond the scope of or are inconsistent with these admissions, they are denied.

42.     Admit.

43.     This paragraph does not set forth a claim for relief or aver relevant facts in support of a claim to which a response is required.  To the extent that a response is required, admit, except to deny that the Transmission Control Protocol ("TCP") is the most common Transport Layer protocol.

44.     As to the first sentence, admit that Internet packets may traverse multiple networks before reaching their destination.  The use in the second sentence of the terms "radically" and "dynamically" is too vague and ambiguous for Defendants to form a belief as to the truth or falsity of sentence two.

45.     Admit sentences one through four and six.  The use of the terms "strategically well-connected" and "backbone" in sentence five is too vague and ambiguous for Defendants to form a belief as to the truth or falsity of that sentence.

46.     The use of the terms "cable" and "backbone" in this paragraph is too vague and ambiguous for Defendants to form a belief as to the truth or falsity of this paragraph.

47.     This paragraph purports to describe operational details of the NSA's Upstream Internet acquisition technique.  Defendants can neither admit nor deny the allegation in this paragraph without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

48.     This paragraph purports to describe operational details of the NSA's Upstream Internet acquisition technique.  Defendants can neither admit nor deny the allegations in this paragraph without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

49.     This paragraph purports to describe operational details of the NSA's Upstream Internet acquisition technique.  Defendants admit that under this technique devices are used to acquire transactions as they cross the Internet; that, to identify and acquire Internet transactions to or from Section 702-tasked selectors on the Internet backbone, Internet transactions are first filtered to eliminate potential domestic transactions; that the technical measures taken to prevent the acquisition of domestic communications in this process do not operate perfectly; that communications are screened to capture only transactions to or from a tasked selector; that,

unless transactions pass both of these aforementioned screens, they are not ingested into Government databases; and that Upstream acquisition includes "multi-communication transactions" ("MCTs"), transactions containing multiple communications.  The allegations contained in the second sentence of the fourth bullet point entitled "Retention and Use" constitute Plaintiff's characterization of the NSA's governing minimization procedures to which Defendants respectfully refer the Court for a full and accurate statement of their contents.  To the extent that any allegations in this paragraph have not been specifically addressed above, Defendants can neither admit nor deny those allegations without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

50.    The first and second sentences of this paragraph constitute conclusions of law to which no response is required, but to the extent a response is deemed necessary, they are denied. The remainder of this paragraph constitutes Plaintiff's characterization of "about" collection, and does not set forth a claim for relief or aver relevant facts in support of a claim to which a response is required, because the NSA no longer conducts "about" collection as part of its Upstream Internet acquisition technique.

51.    This paragraph does not set forth a claim for relief or aver relevant facts in support of a claim to which a response is required.  The second sentence quotes from a report by the Privacy and Civil Liberties Oversight Board ("PCLOB"), to which Defendants respectfully refer the Court for a full and accurate statement of its contents.

52.    The first sentence of this paragraph characterizes statutory provisions of the FISA Amendments Act, to which Defendants respectfully refer the Court for a full and accurate statement of its contents.  The second sentence constitutes Plaintiff's characterization of various targeting and minimization procedures governing NSA surveillance conducted under the FISA Amendments Act, to which Defendants respectfully refer the Court for a full and accurate

statement of their contents.  Defendants deny Plaintiff's characterization of those procedures as "extremely permissive" and "riddled with exceptions."

53.     The first two sentences of this paragraph constitute an argumentative characterization of (various sets of) targeting procedures governing NSA surveillance conducted under the FISA Amendments Act, and as such are denied.  Defendants specifically deny that the Government's selection of Upstream surveillance targets is not "meaningfully constrain[ed]," and that the Government takes no measures to avoid intercepting U.S.-person communications. Defendants respectfully refer the Court to these targeting procedures for a full and accurate statement of their contents.  As to sentence three, admit that the targeting procedures governing Upstream collection at one point allowed for "about" collection, but deny that they still do so.

54.     The first sentence of this paragraph constitutes an argumentative characterization of (various sets of) minimization procedures governing NSA surveillance conducted under the FISA Amendments Act as "feeble," and as such is denied.  The remainder of the paragraph purports to summarize select portions of the minimization procedures governing Upstream collection, to which Defendants respectfully refer the Court for a full and accurate statement of their contents.

55.     This paragraph constitutes Plaintiff's characterizations of its own mission and operations, and those of now-dismissed plaintiffs, about which Defendants lack sufficient knowledge or information to form a belief as to their truth or falsity.

56.     To the extent this paragraph purports to allege how the NSA conducts its intelligence-gathering pursuant to the Upstream Internet acquisition technique, Defendants can neither admit nor deny those allegations without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law; the remainder of this paragraph constitutes a conclusion of law to which no response is required.

57.     To the extent this paragraph purports to allege that Plaintiff's communications, and those of now-dismissed plaintiffs, are subject to the NSA's intelligence-gathering activities, Defendants can neither admit nor deny those allegations without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.  To the extent this paragraph constitutes a conclusion of law, no response is required.

58.     The first sentence of this paragraph is denied.  Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the second sentence.  The use in the third sentence of the phrases "stated goals" (without identifying them) and "large percentage" are too vague and ambiguous for Defendants to form a belief as to its truth or falsity. The fourth sentence consists of a purported statistical calculation that is unsupported and, indeed, contradicted by the allegations of the First Amended Complaint, and accordingly is denied.

59.     Deny that Plaintiff's "calculation understates the likelihood that the NSA has intercepted, copied, and reviewed Plaintiffs' communications" for the reasons stated in response to paragraph 58.  The remainder of this paragraph is comprised of allegations purporting to describe operational details of the NSA's use of the Upstream Internet acquisition technique that Defendants can neither admit nor deny without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

60.     Deny the first sentence.  The use in the second sentence of the terms "backbone" and "cables" is too vague and ambiguous for Defendants to form a belief as to its truth or falsity. As to sentence three, admit that there are a finite number of points where international Internet traffic can enter or leave the United States, including where submarine cables come ashore.  The use in sentences four and five of the terms "backbone," "cables," "chokepoints," "significant," and "[p]rime examples" is too vague and ambiguous for Defendants to form a belief as to their truth or falsity.  Sentence six refers to an unidentified statement in which officials or entities of

the U.S. Government allegedly "acknowledged using Upstream surveillance to monitor communications at 'international Internet link[s]' on the internet backbone."  Defendants respectfully refer to the Court to the alleged statement for a statement of its contents.  To the extent this paragraph purports to allege that Plaintiff's communications, and those of now-dismissed plaintiffs, are subject to the NSA's intelligence-gathering activities, Defendants can neither admit nor deny those allegations without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

61.     Defendants lack sufficient knowledge or information about the numerosity and geographic distribution of Plaintiff's alleged communications, and those of now-dismissed plaintiffs, to form a belief as to the truth or falsity of this paragraph.  In addition, the use in this paragraph of the terms "chokepoints," "backbone," and "link" is too vague and ambiguous for Defendants to form a belief as to the truth or falsity of this paragraph.

62.     Deny sentences one and two of this paragraph to the extent that they purport to allege what the NSA "must be" doing as a "technical matter" to gather intelligence using its Upstream Internet acquisition technique.  Sentence three purports to quote from a report issued by the PCLOB, to which Defendants respectfully refer the Court for a full and accurate statement of its contents.  The use in sentence four of the terms "vast amounts" and "enormous" is too vague and ambiguous for Defendants to form a belief as to the truth or falsity of the allegations in that sentence.  To the extent this paragraph purports to allege how the NSA actually conducts its intelligence gathering pursuant to the Upstream Internet acquisition technique, Defendants can neither admit nor deny those allegations without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

63.     Deny sentences one, two, four, and five of this paragraph to the extent that they purport to allege what the NSA "must be" doing, as a technical matter, to gather intelligence

using its Upstream Internet acquisition technique.  In addition, the use of the phrase
"independently travel" in sentence three, and the use of the terms "reliably" and "link" in
sentence five, are too vague and ambiguous for Defendants to form a belief as to the truth or
falsity of those sentences.  To the extent this paragraph purports to allege how the NSA actually
conducts its intelligence gathering pursuant to the Upstream Internet acquisition technique,
Defendants can neither admit nor deny those allegations without revealing or tending to reveal
classified national-security information that is subject to protection from disclosure by law.

64.     Deny sentences one and two of this paragraph to the extent that they purport to
allege what the NSA "must be" doing, as a technical matter, to gather intelligence using its
Upstream Internet acquisition technique.  Sentence three refers to unspecified NSA
"confirm[ation] that it conducts Upstream surveillance at more than one point on the Internet
backbone, through the compelled assistance of multiple major telecommunications companies."
Defendants respectfully refer to the Court to the alleged statement, or statements, for a statement
of their contents.  To the extent that this paragraph purports to allege how the NSA actually
conducts intelligence gathering using its Upstream Internet acquisition technique, Defendants
can neither admit nor deny those allegations without revealing or tending to reveal classified
national-security information that is subject to protection from disclosure by law.

65.     The first two sentences of this paragraph purport to draw conclusions from
alleged (and unspecified) Government "descriptions" of the NSA's Upstream Internet acquisition
technique; Defendants respectfully refer to the Court to these unidentified "descriptions" for a
full and accurate statement of their contents.  The third and fourth sentences of this paragraph
characterize and purport to quote from a report issued by the PCLOB, to which Defendants
respectfully refer the Court for a full and accurate statement of the contents of that report.

66.     To the extent sentences one, two, and eight of this paragraph (and the paragraph as a whole) purport to draw conclusions from hypothetical (and vague and ambiguous) allegations about how the NSA conducts its intelligence gathering pursuant to the Upstream Internet acquisition technique, Defendants can neither admit nor deny them without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.  The use in sentences three through six of such terms and phrases as "in real time," "frequently," "single exchange," "over time," "network conditions," "at one moment," and "later" is too vague and ambiguous for Defendants to form a belief as to their truth or falsity. Sentence seven purports to quote from a report issued by the PCLOB, to which Defendants respectfully refer the Court for a full and accurate statement of the contents of that report.

67.     To the extent this paragraph purports to allege that Plaintiff's communications, and those of now-dismissed plaintiffs, are subject to the NSA's intelligence-gathering activities, Defendants can neither admit nor deny those allegations without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.  To the extent that this paragraph alleges a "virtual certainty" that the NSA is intercepting, copying, and reviewing Plaintiff's communications on the basis of the allegations contained in paragraphs 58-66, it is denied.

68.     Defendants can neither confirm nor deny the allegation in the first sentence of this paragraph, the authenticity of the document referenced in sentence two, or the contents of that document, without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

69.     The first sentence of this paragraph references an alleged but unidentified "NSA document" and purports to quote from its contents; Defendants can neither confirm nor deny the authenticity of the document referenced in this paragraph (even if they could identify it, which

they have been unable to), nor can Defendants confirm or deny the statement purportedly quoted

from that document, without revealing or tending to reveal classified national-security

information that is subject to protection from disclosure by law.  The second sentence of this

paragraph purports to quote from a report in *The New York Times*; Defendants respectfully refer

the Court to the report in question for a full statement of its contents.  Defendants cannot confirm

or deny the statement purportedly quoted from *The New York Times* report without revealing or

tending to reveal classified national-security information that is subject to protection from

disclosure by law.

70.     To the extent this paragraph purports to allege that Plaintiff's communications,

and those of now-dismissed plaintiffs, are subject to the NSA's intelligence-gathering activities,

Defendants can neither admit nor deny those allegations without revealing or tending to reveal

classified national-security information that is subject to protection from disclosure by law.  To

the extent this paragraph constitutes a conclusion of law, no response is required.

71.     To the extent this paragraph purports to allege that Plaintiff's communications,

and those of now-dismissed plaintiffs, are subject to the NSA's intelligence-gathering activities,

Defendants can neither admit nor deny those allegations without revealing or tending to reveal

classified national-security information that is subject to protection from disclosure by law.  To

the extent this paragraph contains allegations about Plaintiff's operations, and those of now-

dismissed plaintiffs, Defendants lack sufficient knowledge or information to form a belief as to

the truth or falsity of these statements.

72.     To the extent this paragraph purports to allege that Plaintiff's communications,

and those of now-dismissed plaintiffs, are subject to the NSA's intelligence-gathering activities,

Defendants can neither admit nor deny those allegations without revealing or tending to reveal

classified national-security information that is subject to protection from disclosure by law.  To the extent this paragraph constitutes a conclusion of law, no response is required.

73.     This paragraph constitutes Plaintiff's characterizations of its own operations, and those of now-dismissed plaintiffs, about which Defendants lack sufficient knowledge or information to form a belief as to their truth or falsity.  To the extent this paragraph contains allegations regarding "people whom the [G]overnment is likely to target when conducting Upstream surveillance," Defendants can neither admit nor deny those allegations without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

74.     This paragraph constitutes Plaintiff's characterizations of its own operations, and those of now-dismissed plaintiffs, about which Defendants lack sufficient knowledge or information to form a belief as to their truth or falsity.  To the extent this paragraph also constitutes a conclusion of law, no response is required.

75.     This paragraph constitutes Plaintiff's characterizations of its own operations, and those of now-dismissed Plaintiffs, about which Defendants lack sufficient knowledge or information to form a belief as to their truth or falsity.  The allegation that Plaintiff has taken the "measures" referred to in this paragraph because of Upstream surveillance is a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.

76.     This paragraph constitutes Plaintiff's characterizations of its own operations, and those of now-dismissed plaintiffs, about which Defendants lack sufficient knowledge or information to form a belief as to their truth or falsity.  The allegation that Upstream surveillance affects (i) Plaintiff's ability to engage in the activities alleged, or (ii) the likelihood of its receiving the information described, is a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.

77.     Denied.

78-85.  These paragraphs constitute Plaintiff's characterizations of its mission and operations, about which Defendants lack sufficient knowledge or information to form a belief as to their truth or falsity.

86.     This paragraph constitutes Plaintiff's characterizations of its mission and operations, about which Defendants lack sufficient knowledge or information to form a belief as to their truth or falsity.  To the extent this paragraph purports to allege that Plaintiff's communications are subject to the NSA's intelligence-gathering activities, Defendants can neither admit nor deny that allegation without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

87.     This paragraph constitutes Plaintiff's characterizations of its mission and operations, about which Defendants lack sufficient knowledge or information to form a belief as to their truth or falsity.

88.     Sentences one, two, five, six and seven of this paragraph constitute Plaintiff's characterizations of its operations, about which Defendants lack sufficient knowledge or information to form a belief as to their truth or falsity, except to admit sentence two to the extent it purports to describe what the device of an ordinary Internet user must do to view or search a typical webpage, and to admit sentence five to the extent it purports to describe the response of the server hosting that webpage to the user's device.  Sentences three and four are admitted.

89.     This paragraph constitutes Plaintiff's characterizations of its mission and operations, about which Defendants lack sufficient knowledge or information to form a belief as to their truth or falsity.

90.     Admit sentence one, except to deny that IP addresses contained in HTTP and HTTPS requests typically may be characterized as "the user's," and that addressing and routing

information contained in HTTP and HTTPS requests may be characterized as "private."  Insofar as sentence two constitutes allegations concerning Plaintiff's specific use of the HTTP and HTTPS protocols for certain purposes particular to its operations, such as contributions or edits to its webpages, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of sentence two.

91.     Admit that HTTP and HTTPS responses generally contain the requested content and the IP address assigned to the requesting user device, but deny that the IP address typically may be characterized as "the user's" and that addressing and routing information contained in HTTP and HTTPS responses may be characterized as "private."  Insofar as this paragraph constitutes allegations concerning Plaintiff's specific use of the HTTP and HTTPS protocols for certain purposes particular to its operations, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of sentence two.

92-93.  These paragraphs constitute Plaintiff's characterizations of its mission and operations, about which Defendants lack sufficient knowledge or information to form a belief as to their truth or falsity.

94.     Sentences one and two of this paragraph constitute Plaintiff's characterizations of its operations, about which Defendants lack sufficient knowledge or information to form a belief as to their truth or falsity.  Sentences three and four are denied.

95.     This paragraph constitutes Plaintiff's characterizations of its operations, about which Defendants lack sufficient knowledge or information to form a belief as to their truth or falsity.

96.     Denied.  In addition, to the extent this paragraph implicitly equates alleged interception, copying, and review (as those terms are used in the First Amended Complaint) with

Fourth Amendment searches and seizures, it constitutes a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.

97.     Denied, including, specifically, (i) to the extent that the use of the terms "observe" and "review" is meant to imply human access to or even knowledge of Plaintiff's alleged communications, and (ii) for the reason that the NSA no longer engages in "about" collection as part of its Upstream Internet acquisition technique.

98.     Sentence one of this paragraph constitutes a legal conclusion to which no response is required.  The remaining sentences of this paragraph constitute Plaintiff's characterizations of its mission and operations, about which Defendants lack sufficient knowledge or information to form a belief as to their truth or falsity.

99.     This paragraph constitutes Plaintiff's characterizations of its operations, about which Defendants lack sufficient knowledge or information to form a belief as to their truth or falsity.  Deny that the NSA could acquire the information described in this paragraph without actual ingestion, retention, and analysis of substantially all the traffic flowing into and out of Wikimedia's servers, which is not alleged.

100-102.  These paragraphs constitute Plaintiff's characterizations of its mission and operations, about which Defendants lack sufficient knowledge or information to form a belief as to their truth or falsity.

103.     To the extent this paragraph purports to allege that Plaintiff's communications are subject to the NSA's intelligence-gathering activities, Defendants can neither admit nor deny those allegations without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.  To the extent this paragraph constitutes a conclusion of law, no response is required.

104.    The first sentence of this paragraph purports to allege that Plaintiff's communications are subject to the NSA's intelligence-gathering activities; Defendants can neither admit nor deny those allegations without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.  The remaining sentences in this paragraph constitute Plaintiff's characterizations of its operations, about which Defendants lack sufficient knowledge or information to form a belief as to their truth or falsity.

105.    The first three sentences of this paragraph constitute Plaintiff's characterizations of its operations, about which Defendants lack sufficient knowledge or information to form a belief as to their truth or falsity.  To the extent the allegation in sentence four is predicated on continued "about" collection by the NSA as part of its Upstream Internet acquisition technique, it is denied.  Otherwise, Defendants can neither admit nor deny that allegation without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

106.    This paragraph constitutes Plaintiff's characterizations of its operations, about which Defendants lack sufficient knowledge or information to form a belief as to their truth or falsity.  Defendants can neither admit nor deny the allegation that the U.S. Government has targeted for foreign-intelligence surveillance the organization named in this paragraph, or of any other particular organization or individual, without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

107.    This paragraph refers to and purports to describe and draw conclusions from an alleged "NSA slide."  Defendants can neither confirm nor deny the authenticity of the document referenced in this paragraph, the contents of that document, or Plaintiff's surrounding allegations, without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

108.     This paragraph constitutes Plaintiff's characterizations of its operations, about which Defendants lack sufficient knowledge or information to form a belief as to their truth or falsity.  The allegation that Upstream collection "undermines" or "harms" the ability of Wikimedia or its staff to conduct its work as alleged herein constitutes a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.

109.     This paragraph constitutes Plaintiff's characterizations of its operations, about which Defendants lack sufficient knowledge or information to form a belief as to their truth or falsity.  The allegation that Plaintiff has undertaken the measures described in this paragraph due to Upstream surveillance is a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.

110.     This paragraph constitutes Plaintiff's characterizations of its beliefs and operations, about which Defendants lack sufficient knowledge or information to form a belief as to their truth or falsity.

111.     To the extent this paragraph constitutes Plaintiff's characterizations of its operations, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of this paragraph.  The remainder of this paragraph constitutes a conclusion of law to which no response is required.

112-164.  Paragraphs 112 through 164 pertain to plaintiffs whose claims have been dismissed from this case and thus no response is required.  To the extent a response is deemed required, Defendants request an opportunity to supplement their response.

165-168.  These paragraphs constitute conclusions of law to which no response is required, but to the extent a response is deemed necessary, they are denied.

The remaining paragraphs of the First Amended Complaint constitute Plaintiff's Prayer for Relief, to which no response is required.  To the extent a response is deemed necessary, Defendants deny that Plaintiff is entitled to any of the relief it seeks, or to any relief whatsoever.

WHEREFORE, having fully answered, Defendants respectfully request that Plaintiff's claims against them be dismissed, with prejudice, and that the Court award the NSA such other and further relief as this Court may deem just and proper.

Dated:  October 16, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Branch Director

*/s/ James J. Gilligan*
JAMES J. GILLIGAN
Special Litigation Counsel

RODNEY PATTION
Senior Trial Counsel

JULIA A. BERMAN
Trial Attorney

CAROLINE J. ANDERSON
Trial Attorney

TIMOTHY A. JOHNSON
Trial Attorney

U.S Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 6102
Washington, D.C.  20001
Phone:  (202) 514-3358
Fax:  (202) 616-8470
Email:  james.gilligan@usdoj.gov

*Counsel for Defendants*