**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| WIKIMEDIA FOUNDATION, | * | |
| *Plaintiff*, | * | Hon. T. S. Ellis, III |
| v. | * | Civil Action No.: 15-cv-00662-TSE |
| NATIONAL SECURITY AGENCY / | * | |
| CENTRAL SECURITY AGENCY, *et al.*, | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \*

## STIPULATED PROTECTIVE ORDER

1.  <u>PURPOSES AND LIMITATIONS</u>

     Disclosure and discovery activity in this action are likely to involve production of proprietary, private, or other sensitive information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to such treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file protected information under seal; to file protected material under seal, the Parties must follow the procedures and the standards of United States District Court for the District of Maryland Civil Local Rule ("Civil Local Rule") 105.11.

2.  <u>DEFINITIONS</u>

     2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "PROTECTED" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "PROTECTED" or "HIGHLY PROTECTED – ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     "HIGHLY PROTECTED – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive information or items, disclosure of which to another Party, to a Non-Party, or to any individual who is not authorized under section 7.3 of this Order would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     House Counsel: attorneys who are employees of a party to this action who are representing or advising a party in this litigation for the purposes of prosecuting, defending, or attempting to settle this lawsuit. House Counsel does not include Outside Counsel or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action for the purposes of prosecuting, defending, or attempting to settle this lawsuit.

2

2.11    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "PROTECTED," or as "HIGHLY PROTECTED – ATTORNEYS' EYES ONLY."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including, but not limited to, becoming part of the public record through trial or otherwise.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court Order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals,

rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

        5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

        Mass, indiscriminate, or routinized designations are prohibited.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

        5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

        Designation in conformity with this Order requires:

                (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "PROTECTED" or "HIGHLY PROTECTED – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY PROTECTED – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("PROTECTED" or "HIGHLY PROTECTED – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify, within 28 calendar days of the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.

Parties shall give the other parties prior notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "PROTECTED" or "HIGHLY PROTECTED – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 28-day period for designation shall be treated during that period as if it had been designated "HIGHLY PROTECTED – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript

shall be treated only as actually designated.  Any material not designated as "PROTECTED" or

"HIGHLY PROTECTED – ATTORNEYS' EYES ONLY" will be treated as public.

(c) <u>for information produced in some form other than documentary and for any other</u>

<u>tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or

containers in which the information or item is stored the legend "PROTECTED" or "HIGHLY

PROTECTED – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item

warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s)

and specify the level of protection being asserted.

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate

qualified information or items does not, standing alone, waive the Designating Party's right to secure

protection under this Order for such material. Upon timely correction of a designation, the Receiving

Party must make reasonable efforts to assure that the material is treated in accordance with the provisions

of this Order.

6.      <u>CHALLENGING PROTECTED MATERIAL DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of Protected

Material at any time. Unless a prompt challenge to a Designating Party's designation of Protected

Material is necessary to avoid foreseeable and substantial unfairness, unnecessary economic burdens, **or** a

significant disruption or delay of the litigation, a Party does not waive its right to challenge a designation

of Protected Material by electing not to mount a challenge promptly after the original designation is

disclosed.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by

providing written notice of each designation it is challenging and describing the basis for each challenge.

To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the

challenge to a designation of Protected Material is being made in accordance with this specific paragraph

of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin

the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not

sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must

explain the basis for its belief that the designation of Protected Material was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. In accordance with Civil Local Rule 104.13(b), if the Parties cannot resolve a challenge without court intervention, the Challenging Party may file and serve a motion challenging the designation of Protected Material within 21 days of the initial notice of challenge, but no later than 14 days of the parties agreeing that the meet and confer process will not resolve their dispute. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. In the event of a challenge to a designation of Protected Material, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation; any other use of Protected Material is strictly prohibited. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "PROTECTED" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "PROTECTED" only to:

(a) the Receiving Party's Outside Counsel or House Counsel, as well as employees of said Outside Counsel or House Counsel to whom it is reasonably necessary to disclose the information for the purposes of prosecuting, defending, or attempting to settle this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)  in preparation for depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court; and

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY PROTECTED – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY PROTECTED – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel or House Counsel, as well as employees of said Outside Counsel or House Counsel to whom it is reasonably necessary to disclose the information for the purposes of prosecuting, defending, or attempting to settle this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action who are employees or former employees of the Designating Party, to whom disclosure is reasonably necessary, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) in preparation for depositions, witnesses who are employees or former employees of the Designating Party, to whom disclosure is reasonably necessary, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court; and

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

9

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
        LITIGATION

        If a Receiving Party is served with a subpoena or a Court Order issued in other litigation

that compels disclosure of any information or items designated in this action as "PROTECTED" or

"HIGHLY PROTECTED – ATTORNEYS' EYES ONLY" that Party must:

        (a) promptly notify in writing the Designating Party. Such notification shall include a

copy of the subpoena or Court Order;

        (b) promptly notify in writing the party who caused the subpoena or order to issue in the

other litigation that some or all of the material covered by the subpoena or order is subject to this

Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

        (c) cooperate with respect to all reasonable procedures sought to be pursued by the

Designating Party whose Protected Material may be affected.

        If the Designating Party timely seeks a protective order, the Party served with the

subpoena or Court Order shall not produce any information designated in this action as "PROTECTED"

or "HIGHLY PROTECTED – ATTORNEYS' EYES ONLY" before a determination by the Court from

which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

The Designating Party shall bear the burden and expense of seeking protection in that court of its

Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a

Receiving Party in this action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
        LITIGATION

        The terms of this Order are applicable to information produced by a Non-Party in this

action and designated as "PROTECTED" or "HIGHLY PROTECTED – ATTORNEYS' EYES ONLY."

Such information produced by Non-Parties in connection with this litigation is protected by the remedies

and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-

Party from seeking additional protections.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons immediately execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
        MATERIAL

        If a Receiving Party identifies information received from a Producing Party that reasonably appears to be privileged or subject to protection as work product, the Receiving Party shall notify the Producing Party.  If the Receiving Party identifies such information or is informed by the Producing Party that it has inadvertently produced privileged or protected information, the Receiving Party shall not refer to, quote, cite, rely upon, disclose to any Party other than the Producing Party, or otherwise use the information until the Producing Party has had fourteen days to assert a claim of privilege or protection over such information pursuant to the procedures set forth herein.  By notifying the Producing Party that information appears to be privileged or protected as work product, the Receiving Party does not concede that the information is in fact covered by an applicable privilege or protection and reserves the right to challenge any assertion of privilege or protection.

        The Producing Party may assert a claim of privilege or protection as soon as practicable and no more than fourteen days (1) after receiving notice that any party has discovered potentially privileged information, or (2) after otherwise discovering that a produced document contains privileged or protected information.  In asserting such a claim of privilege, the Producing Party shall provide information sufficient to meet the requirements of Federal Rule of Civil Procedure 26(b)(5)(A), or the requirements of other applicable provisions of law, and shall identify for each claim of privilege at a minimum: the information subject to the claim, the privilege or protection being asserted, and the basis for the claim of privilege.  The Parties may, upon agreement in writing, dispense with the requirements of

this paragraph in situations where there is no dispute about the basis for the claim of privilege or protection.

Upon this assertion of the privilege or protection, the Receiving Party must promptly return, sequester or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the information if the Receiving Party disclosed it before identifying the information as potentially privileged or protected or before being notified by the Producing Party that the information was privileged or protected as work product.  If the Receiving Party does not agree with the privilege or protection claim, the Parties must promptly meet and confer in an attempt to resolve the claim.  If meeting and conferral does not resolve the claim, the Parties may present the dispute to the Court.  The Producing Party must preserve the information until the claim is resolved.

Once a document or information has been identified as privileged or protected as attorney work product, no Party shall in any way copy, reproduce, refer to, quote, cite, rely upon, or otherwise use in any manner, any such document or information in any proceeding unless and until the Court determines that the document is not protected from discovery or the producing party withdraws the claim of privilege, except that in support of any motion to compel release of information identified as privileged, a Party may file, under seal or through other appropriately protective means, the information at issue, and may refer to, cite, and rely upon the information, without disclosing its content, in the litigation of any such motion.  In the event that a document or information has been identified as privileged or protected as work product has been filed on the docket, the Party asserting a claim of privilege may file a motion to seal the docket entry and, if appropriate, substitute a redacted or corrected version.

If the claim of privilege or protection is upheld by the Court or agreed to, all copies of the privileged or protected documents shall be returned to the Producing Party or destroyed.  To the extent that notes or records contain information that has been determined to be privileged or protected as work product, the privileged or protected portions of any such notes or records shall be permanently destroyed, deleted or redacted. The destroying party shall certify in writing to counsel that all privileged or protected documents have been returned or destroyed.

This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

12.   <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>. If any materials subject to this Protective Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, and the filing party does not have written permission from the Designating Party to file the materials publicly, those materials and papers, or any portion thereof that discloses Protected Material, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to Civil Local Rule 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases.  The Interim Sealing Motion shall be governed by Civil Local Rule 105.11.  Even if the filing party believes that the materials subject to the Protective Order are not properly categorized as Protected Material, the filing party shall file the Interim Sealing Motion.

12.4   <u>Classified and Privileged Information</u>. Nothing in this Stipulation and Order is intended or shall be construed to require the disclosure of documents, information, or other material that is classified or subject to a claim of privilege, including but not limited to claims of privilege under Section 6 of the National Security Agency Act, 50 U.S.C. § 3605.  Nothing in this Stipulation and Order is

13

intended to be or shall be construed as an acknowledgment by Plaintiff that 50 U.S.C. § 3605 has any applicability in this action.

13.   <u>FINAL DISPOSITION</u>

13.1   Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Additionally, notwithstanding this provision, Defendants may retain Protected Material to the degree Defendants and/or their counsel determine such Protected Material must be retained to comply with the Federal Records Act or other applicable law or regulations.  Any such archival or retained copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

13.2   Pursuant to Civil Local Rules 104.13(d), 105.11, and 113, within 30 days after the final disposition of this action, Counsel may direct the Clerk to return or destroy any sealed material. If Counsel fails to request the return of sealed material within 30 days after the final disposition of this action, the Clerk may destroy the material.

IT IS SO STIPULATED, THROUGH COUNSEL.


DATED: December 28, 2017

*/s/ Deborah A. Jeon*
Deborah A. Jeon (Bar No. 06905)
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION OF MARYLAND
3600 Clipper Mill Rd., #350
Baltimore, MD 21211
Phone: (410) 889-8555
Fax: (410) 366-7838
jeon@aclu-md.org

*/s/ Ashley Gorski*
Ashley Gorski (pro hac vice)
(*signed by Ashley Gorski with permission of Deborah A. Jeon and Timothy A. Johnson*)
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2654
agorski@aclu.org

*Counsel for Plaintiff*




DATED: December 28, 2017

CHAD A. READLER
Acting Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Branch Director

JAMES J. GILLIGAN
Special Litigation Counsel

RODNEY PATTION
Senior Trial Counsel

*/s/ Timothy A. Johnson*
JULIA A. BERMAN
CAROLINE J. ANDERSON
TIMOTHY A. JOHNSON
Trial Attorneys

15

U.S Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7322
Washington, D.C.  20001
Phone:  (202) 514-1359
Fax:  (202) 616-8470
Email:  timothy.johnson4@usdoj.gov

*Counsel for Defendants*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____12/29/17_____            _____/s/_____

T. S. Ellis, III
United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the District of Maryland on _____ [date] in the case of *Wikimedia Foundation v.*

*National Security Agency et al.*, Case No. 1:15-CV-00662-TSE. I agree to comply with and to be bound

by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I

will not disclose in any manner any information or item that is subject to this Stipulated Protective Order

to any person or entity except in strict compliance with the provisions of this Order, and will not use any

information or item that is subject to this Stipulated Protective Order for any purpose other than to assist

with, advise on, or be a witness in the prosecution, defense, or attempted settlement of this litigation.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Maryland for the purpose of enforcing the terms of this Stipulated Protective Order, even if

such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
                    [signature]