IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

_____
                                    )
WIKIMEDIA FOUNDATION,               )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   No. 1:15-cv-0662 (TSE)
                                    )
NATIONAL SECURITY AGENCY, *et al.*, )
                                    )
            Defendants.             )
_____ )

### DEFENDANTS' SUPPLEMENTAL MEMORANDUM
### IN OPPOSTION TO PLAINTIFF'S MOTION TO COMPEL

### INTRODUCTION

In accordance with the Court's instructions at the hearing held in this matter on June 29, 2018, Defendants National Security Agency ("NSA") *et al.* respectfully submit this supplemental memorandum in opposition to Plaintiff Wikimedia Foundation's pending motion to compel (ECF No. 125-1). As directed by the Court, Defendants address an argument, raised for the first time in Plaintiff's reply (ECF No. 143), that Congress intended 50 U.S.C. § 1806(f) to displace the state secrets privilege in situations such as this one to facilitate suits against the Government under FISA's civil damages provision, 50 U.S.C. § 1810.[1] For the reasons discussed below this argument lacks merit, because § 1810 does not authorize suit against the Government at all.

### DISCUSSION

Invoking § 1806(f), Plaintiff seeks *ex parte, in camera* review of classified documents and information that the Government has withheld on the basis of the state secrets privilege (and

---

[1] Plaintiff's initial memorandum in support of its motion to dismiss makes no reference to § 1810. *See generally* Pl.'s Mem. of Law in Supp. of Its Mot. to Compel Discovery [etc.] (ECF No. 125-2). Defendants appreciate the opportunity extended by the Court, which they have not previously had, to address Plaintiff's arguments based on § 1810.

others) for the purpose of determining whether Plaintiff is an "aggrieved person" with standing to challenge the legality of Upstream surveillance.  *See* 50 U.S.C. § 1801(k) (defining "aggrieved person" under FISA as a target or subject of electronic surveillance); *Director, OWCP v. Newport News Shipbldg. & Dry Dock Co.*, 514 U.S. 122, 126 (1995) ("The phrase 'person adversely affected or aggrieved' is a [statutory] term of art used . . . to designate those who have standing to challenge . . . [government action] . . . before the courts.").  Plaintiff construes § 1806(f) as applying to situations such as this, where it is a private litigant, not the Government, that seeks to use classified evidence in the case, and seeks *ex parte* adjudication of its standing, using that evidence, regardless of the harm to national security that could result from a judicial finding that a party has or has not been a subject of foreign-intelligence surveillance.

As Defendants have shown, Plaintiffs' proposed construction of § 1806(f) should be rejected, even if § 1806(f) displaced the state secrets privilege in situations to which it applies (which it does not), because it does not apply to the instant dispute.  *See* Defs.' Mem. of Pts. & Auths. in Opp. to Pl's Mot. to Compel [etc.] (ECF No. 138) ("Defs.' Opp.") at 19-23.  That is so principally because § 1806(f) authorizes *in camera* review of classified information only for the purpose of "determin[ing] whether the [alleged] surveillance of [an] aggrieved person was lawfully authorized and conducted," and not to establish whether a litigant is an "aggrieved person" to begin with.  *Id.*  But most relevant here, § 1806(f), properly construed in accordance with the maxims *ejusdem generis* and *noscitur a sociis*, also applies only where it is the Government, not an opposing party, that seeks to make use of surveillance-based evidence in a proceeding.  *Id.* at 21-22; *see Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 114-15 (2001); *Gustafson v. Alloyd Co.*, 513 U.S. 561, 574 (1995).

In support of its argument that § 1806(f) nevertheless displaces the state secrets privilege in the present circumstances, Plaintiff asserts for the first time in its reply that Congress, as a

"pillar" of FISA's legislative scheme, "expressly authorized civil actions challenging the lawfulness of electronic surveillance" under 50 U.S.C. § 1810; that Congress intended *ex parte, in camera* proceedings under § 1806(f) to "g[i]ve teeth" to this remedy; and that unless § 1806(f) is construed to apply where private litigants, rather than the Government, seek to use materials related to surveillance in support of their case, the Government will "have unilateral control over who [can] pursue remedies against it" under § 1810.  Pl.'s Reply at 2, 9; *see also id.* at 4-5.

This new argument lacks merit, because 50 U.S.C. § 1810 does not authorize suit against the Government at all.

It is "axiomatic" that the United States, "is immune from all suits against it absent an express waiver of its sovereign immunity." *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005) (citation omitted); *Randall v. United* States, 95 F.3d 339, 345 (4th Cir. 1996) (same).  A waiver of sovereign immunity may be found only where Congress has "unequivocally expressed" its intent to waive the Government's immunity "in statutory text," and may not be implied.  *Lane v. Pena*, 518 U.S. 187, 192 (1996); *O'Brien v. Moore*, 395 F.3d 499, 503 (4th Cir. 2005) (citations omitted).   *See also FAA v. Cooper*, 566 U.S. 284, 290 (2012).

Section 1810 provides that

> [a]n aggrieved person . . . who has been subjected to an electronic surveillance or about whom information obtained by electronic surveillance of such person has been disclosed or used *in violation of section 1809 of this title* shall have a cause of action against any *person* who committed such violation and shall be entitled to recover . . . actual [and] punitive damages [and] reasonable attorney's fees and other . . . costs . . .

50 U.S.C. § 1810 (emphasis added).  As courts have held, this provision does not authorize suit against the Government, for numerous reasons.  *See Al-Haramain Islamic Found., Inc. v. Obama*, 705 F.3d 845, 850-55 (9th Cir. 2012); *Whitaker v. Barksdale Air Force Base*, 2015 WL 574697, *7 (W.D. La. Feb. 11, 2015) (agreeing with the "extensive analysis" in *Al-Haramain*).

3

First, § 1810 does not expressly state that a person aggrieved by unlawful surveillance shall have a cause of action against the United States. Rather, it provides a cause of action for damages "against any person" who has committed a violation of 50 U.S.C. § 1809.[2] It is a "longstanding" presumption of statutory interpretation that the term "'person' does not include the sovereign," a presumption that "may be disregarded only upon some affirmative showing of statutory intent to the contrary." *Vermont Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 780-81 (2000), citing, *inter alia, United States v. United Mine Workers of Am.*, 330 U.S. 258, 269-73 (1947) (refusing to construe the United States as an "employer" within the meaning of the anti-injunction provisions of the Clayton and Norris-LaGuardia Acts "without express words to that effect"); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989) (same).

Second, far from affirmatively showing a statutory intent to include the United States within the term "person," FISA expressly provides otherwise. For purposes of FISA, a "person" is defined as "any individual, including any officer or employee of the Federal Government, or any group, entity, association, corporation, or foreign power." 50 U.S.C. § 1801(m). As the Ninth Circuit observed in *Al-Haramain*, "[g]laringly missing from [FISA's] definition [of 'person'] is the 'United States.'" 705 F.3d at 851. Thus, as held in *Al-Haramain*, § 1801 confirms that the term "person" as used in § 1810 does not include the United States, and that § 1810 effectuates no waiver of sovereign immunity. *Id.*[3]

---

[2] In brief, 50 U.S.C. § 1809 makes it a criminal offense to engage in electronic surveillance under color of law, or to use or disclose the information obtained, except as authorized by FISA or chapters 119, 121, or 206 of Title 18 of the U.S. Code.

[3] *Al-Haramain* found still further support for its conclusion in the selective waiver of immunity for certain violations of FISA—not including § 1810—later enacted (in 2001) in 18 U.S.C. § 2712(a); and in the fact that the Government could not be taken as a "person" subject to liability under § 1810 without the Government itself also being subject to criminal prosecution under 50 U.S.C. § 1809, a "patently absurd" result. 705 F.3d at 852-55.

It comes as no surprise, therefore, that FISA's legislative history offers no support for the proposition that *ex parte* adjudication under § 1806(f) was intended to "give teeth" to a (non-existent) civil remedy against the Government under § 1810. None of the committee reports on FISA suggests that § 1810 was envisioned as a civil damages remedy to be wielded against the Government, or that *in camera* review under § 1806(f) was intended as a mechanism to ensure that a remedy under § 1810 be pursued successfully. *See* S. Rep. No. 95-604 at 52-60 (1977); S. Rep. No. 95-701 at 58-66 (1978); H.R. Rep. No. 95-1283, Pt. I, at 87-95, 98 (1978); H.R. Conf. Rep. No. 95-1720, at 31-32, 33-34 (1978). Rather, the "external check" that Congress envisioned on electronic surveillance by the Executive—the true "pillar of the comprehensive scheme it enacted in FISA," Pl.'s Reply at 2—is the requirement that the Government secure authorization from the FISC before engaging in such surveillance, *see* S. Rep. No. 95-604 at 16; Defs.' Mem. at 27-28, as is done for Upstream surveillance under FISA Section 702.

In short, Plaintiff's argument that § 1806(f) must be construed as applicable to the circumstances presented by its pending motion to compel—and moreover, as "displacing" the state secrets privilege—to give effect to an expectation on the part of Congress that *in camera* review under § 1806(f) would be invoked to "give teeth" to a civil damages remedy against the Government under § 1810, is without basis and should be rejected.

## **CONCLUSION**

For the reasons stated above, in Defendants' memorandum in opposition to Plaintiff's motion to compel, and at oral argument, Plaintiff's motion to compel, including its request for *ex parte* adjudication of its standing based on *in camera* review of classified evidence, should be denied.

Dated:  July 6, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Branch Director


 */s/ James J. Gilligan*
JAMES J. GILLIGAN
Special Litigation Counsel

RODNEY PATTON
Senior Trial Counsel

JULIA A. BERMAN
OLIVIA HUSSEY-SCOTT
Trial Attorneys

U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 6102
Washington, D.C. 20001
Phone: (202) 514-3358
Fax: (202) 616-8470
Email: james.gilligan@usdoj.gov

*Counsel for Defendants*