**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| WIKIMEDIA FOUNDATION, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:15-cv-00662-TSE |
| | ) |
| v. | ) |
| | ) |
| NATIONAL SECURITY AGENCY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO SET A SUMMARY JUDGMENT BRIEFING SCHEDULE AND RESPONSE TO PLAINTIFF'S MOTION TO SET A SUMMARY JUDGMENT BRIEFING SCHEDULE**

Defendants hereby move the Court to set the briefing schedule proposed below for Defendants' anticipated motion for summary judgment on the issue of standing.[1] Although the parties agree that the Court should set a schedule for Defendants' motion (*see* Pl's Mot., ECF 154, at 1), Defendants oppose Plaintiff's proposed schedule because it fails to provide adequate time for Defendants to prepare their motion for summary judgment, reply, or supporting expert declarations, in order to provide Plaintiff with leave to file an unjustified sur-reply not contemplated by the local rules. Given the complexity of the technical issues in the case, the parties' joint agreement to forgo expert discovery, and the consuming demands on Government's counsel time due to pre-existing, court-ordered deadlines in other complex NSA surveillance cases (and an intervening office-wide move), described in more detail below, Defendants request the following schedule:

---

[1] Although Plaintiff has asserted since September 22, 2017, that it could establish its standing without access to additional evidence (*see* ECF 138-1, Tr. of Status Conf. (Sept. 22, 2017) at 13-16, 19-20, 23-24, 28), Plaintiff has advised Defendants that it does not intend to file its own motion for summary judgment. As a result, this proposed schedule only contemplates Defendants' anticipated motion.

1

| Event | Deadline |
| --- | --- |
| Defendants' Motion (with Supporting Declarations) | November 9, 2018 |
| Plaintiff's Opposition (with Supporting Declarations) | December 7, 2018[2] |
| Defendants' Reply (with Supporting Declarations) | January 11, 2018 |

First, Defendants seek this schedule because, as the Court is aware, Plaintiff's allegations of standing are technically complex, and that complexity will carry over into Defendants' motion for summary judgment and subsequent briefing.  Fundamentally, Plaintiff's central allegation – that the NSA almost certainly intercepts at least some of its online communications – turns on its claims regarding the technical rules of how online communications transit the Internet, and Plaintiff's resulting assumptions that the NSA "must be" copying and reviewing all text-based communications that travel across any point on the Internet backbone that it monitors (in order to "reliably obtain" all communications to, from, or about targeted selectors).  Am. Compl. (ECF No. 70-1), ¶¶ 47, 49, 50, 57–65.  To address these claims (and other allegations of injury on which Plaintiff bases its assertion of standing) Defendants' summary judgment motion necessarily will be similarly complex and technically detailed in order to fully explain why Plaintiff cannot establish by any competent evidence that its communications have been subjected to Upstream surveillance.  Defendants' motion necessarily will require a supporting declaration from an expert in Internet communications technology, to detail how communications are transmitted on the Internet, and why Plaintiff's assumptions concerning how the Internet works and how the NSA "must be" conducting Upstream surveillance are technically incorrect.

---

[2] Defendants' proposed schedule provides Plaintiff four weeks to prepare its opposition brief because that is the amount of time Plaintiff requested in its motion.  *See* Pl's Mot., ECF 154, at 2.  Defendants do not oppose a schedule that provides Plaintiff five weeks to prepare its opposition brief as long as the date for Defendants' reply brief is moved to January 18, 2018.

Under present circumstances, it is simply not practicable for the Government to file a summary judgment motion adequately treating these complex issues by October 19, 2018, as Plaintiff proposes, due to pre-existing, court-ordered deadlines in other NSA surveillance litigation for which Defendants' counsel in this case are also responsible.  At this time, the Government is required, on October 12, 2018, to file two briefs (one public, the other classified) in ongoing summary judgment proceedings in *Jewel v. NSA*, No. 4:08-cv-4373-JSW (N.D. Cal.).  Also on October 12, the Government must file an opposition to a motion to compel, and cross-motion for a protective order, in *Valdez v. NSA*, No. 2:15-cv-00584-RJS (D. Utah), another case, like this case and *Jewel*, contesting alleged mass surveillance by the NSA.  The complexity of the Government's filings in *Valdez* will equal if not exceed the complexity of its opposition to Plaintiff's motion to compel in this case, because its *Valdez* filings, too, will involve an assertion of the state secrets privilege over a wide range of classified information sought in discovery.  As this Court knows, a state secrets assertion is time-intensive and requires the personal consideration of high-ranking government officials and the preparation of senior-level, often classified declarations and legal arguments to support the claim of privilege.  These obligations, together with additional court-ordered deadlines in non-NSA matters, will consume Government counsel's available time between now and October 12, making it impossible to prepare Defendants' summary judgment motion in this case by October 19.[3]

Defendants also seek five weeks' time to prepare their reply, for two reasons.  First, Plaintiff has indicated that it will base its opposition to Defendants' motion on declarations by not one but two separate experts from different fields—an expert in Internet technology, and a

---

[3] On top of this workload, Government counsel's office is currently in the process of relocating to a new office space, a rare and disruptive process that counsel are unable to avoid or delay because of case deadlines.

statistical expert to support Plaintiff's additional claims of injury due to Upstream surveillance. Therefore, the Government will have to prepare two technically complex declarations, involving different disciplines, in connection with its reply.  Second, increasing the difficulty of this task, the parties jointly agreed, due to time constraints, to forgo expert reports and depositions during the jurisdictional discovery phase of the case.  As a result—and because Plaintiff has elected not to file a summary judgment motion of its own—the expert declarations Plaintiff submits with its summary judgment opposition will provide Defendants with their first opportunity to examine and evaluate the technical and statistical arguments, and supporting evidence (including statistical data) on which Plaintiff's experts rely.  The Government's experts, therefore, will need sufficient time to review and digest those newly disclosed materials in order to develop their own conclusions and prepare reply declarations.  Under these extraordinary circumstances, and given the intervening year-end holidays, it is only fair that Defendants be given an adequate opportunity to meet Plaintiff's arguments, as Plaintiff will be given to meet the Government's.

Notably, however, notwithstanding the parties' different approaches, their proposed briefing schedules are of equal length, both ending on January 11, 2019.  The essential difference is that Plaintiff's proposal has the effect of unduly compressing Defendants' time to prepare a complete and thorough motion for summary judgment in order to provide time in the schedule for Plaintiff to file a sur-reply brief.  Plaintiff offers no justification, however, for its remarkable request for unconditional leave to file a surreply.  If, after submission of Defendants' reply, Plaintiff can make a showing of exceptional circumstances warranting leave to file a sur-reply addressing particular issues, it can file an appropriate motion at that time.  But at present, to truncate the time Defendants require to prepare an adequate summary judgment motion in order

to grant Plaintiff an unqualified right to file a sur-reply would be fundamentally unfair, and the suggestion should be rejected by the Court.

Accordingly, Defendants respectfully ask the Court to deny Plaintiff's motion and adopt the briefing schedule proposed by Defendants, so that Defendants may have the time needed, under the exceptional circumstances of this important case, to brief the complex technical issues presented with sufficiently developed expert testimony.

Dated: September 20, 2018

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Branch Director

JAMES J. GILLIGAN
Special Litigation Counsel

RODNEY PATTON
Senior Trial Counsel

*/s/ Olivia Hussey Scott*
JULIA A. BERMAN
OLIVIA HUSSEY SCOTT
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Rm. 7309
Washington, D.C.  20001
Phone:  (202) 616-8491
E-mail:  Olivia.Hussey.Scott@usdoj.gov

*Counsel for Defendants*