IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WIKIMEDIA FOUNDATION,<br><br>    *Plaintiff*,<br><br>    v.<br><br>NATIONAL SECURITY AGENCY /<br>CENTRAL SECURITY SERVICE, *et al.*,<br><br>    *Defendants*. | Hon. T.S. Ellis, III<br><br>Civil Action No.<br>15-cv-00662-TSE |

### RESPONSE TO DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS

In light of the lapse of appropriations to the Department of Justice, Defendants have moved for a stay of these proceedings and requested that all deadlines in the above-captioned case be extended commensurate with the duration of the lapse of appropriations. *See* ECF No. 171.

Plaintiff Wikimedia does not oppose Defendants' motion for a stay if the Court determines that one is warranted; however, the requested stay should not result in an unfair litigation advantage for Defendants.[1] As Defendants acknowledge in their motion, half of the Department of Justice attorneys assigned to the case are exempt from the furlough, *see id.*, and presumably these attorneys and Defendants' expert(s) intend to continue working on the case during the government shutdown. In short, the government likely plans to continue its work on the pending summary judgment motion notwithstanding any stay. Given the complexity of this case, and the fact that Defendants were originally allotted five weeks to prepare their reply brief,

---

[1] Wikimedia had no meaningful opportunity to confer with Defendants before their filing. Defendants filed their motion less than two hours after emailing Plaintiff's counsel seeking Plaintiff's position.

the government's request for additional time may disadvantage Wikimedia and its ability to respond fairly and fully in the two weeks provided by the existing schedule.

The duration of the government shutdown remains unknown at present. Accordingly, if the Court decides to grant Defendants' motion for a stay, Wikimedia will address the impact on the schedule in this case at a later point, if necessary, when the effect of Defendants' requested extension can be better assessed.

Dated: December 27, 2018                                                            Respectfully submitted,

| | |
|---|---|
| */s/ Deborah A. Jeon* | */s/ Ashley Gorski* |
| Deborah A. Jeon (Bar No. 06905) | Ashley Gorski (pro hac vice) |
| David R. Rocah (Bar No. 27315) | (*signed by Ashley Gorski with permission* |
| AMERICAN CIVIL LIBERTIES UNION | *of Deborah A. Jeon*) |
|    FOUNDATION OF MARYLAND | Patrick Toomey (pro hac vice) |
| 3600 Clipper Mill Rd., #350 | AMERICAN CIVIL LIBERTIES UNION |
| Baltimore, MD 21211 |    FOUNDATION |
| Phone: (410) 889-8555 | 125 Broad Street, 18th Floor |
| Fax: (410) 366-7838 | New York, NY 10004 |
| rocah@aclu-md.org | Phone: (212) 549-2500 |
| | Fax: (212) 549-2654 |
| Benjamin H. Kleine (pro hac vice) | ptoomey@aclu.org |
| COOLEY LLP | |
| 101 California Street, 5th Floor | Alex Abdo (pro hac vice) |
| San Francisco, CA 94111 | Jameel Jaffer (pro hac vice) |
| Phone: (415) 693-2000 | KNIGHT FIRST AMENDMENT |
| Fax: (415) 693-2222 |    INSTITUTE AT COLUMBIA |
| bkleine@cooley.com |    UNIVERSITY |
| | 475 Riverside Drive, Suite 302 |
| | New York, NY 10115 |
| | Phone: (646) 745-8500 |
| | alex.abdo@knightcolumbia.org |

*Counsel for Plaintiff*